IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK DOMINIC DUNDEE, | ) CASE NO. 1:19CV01141 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) **DEFENDANT UNIVERSITY HOSPITALS** |
| UNIVERSITY HOSPITALS | ) **HEALTH SYSTEM'S ANSWER TO** |
| CORPORATION, et al., | ) **PLAINTIFF'S COMPLAINT** |
| | ) |
| Defendants. | ) |
| | ) |

NOW COMES Defendant University Hospitals Health Systems, Inc., incorrectly identified in the Complaint as University Hospitals Geauga Community Hospitals and University Hospitals Corporation ("UH")[1], by and through undersigned counsel, and for its Answer to the Complaint of Plaintiff Frank Dominic Dundee ("Plaintiff") states as follows:

## NATURE OF THE ACTION

1. Paragraph 1[2] of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UH denies the allegations contained in Paragraph 1 of the Complaint.

2. UH denies the allegations contained in Paragraph 2 of the Complaint.

3. UH denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UH denies the allegations contained in Paragraph 4 of the Complaint.

---

[1] Simultaneously with this Answer, UH is also filing a Motion for Judgment on the Pleadings as to all of Plaintiff's claims. Individual Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman are also filing a separate Motion to Dismiss all of Plaintiff's claims against them.

[2] Plaintiff's Pro Se Complaint contains unnumbered Paragraphs. In this Answer, UH has responded to each Paragraph of the Complaint in order and has assigned numbers to the best of its ability.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UH admits the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UH admits the allegations contained in Paragraph 6 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. UH admits only that Plaintiff filed Charges with the Equal Employment Opportunity Commission and that the Charges were dismissed, but further answering, denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

9. UH admits only that Plaintiff was employed by University Hospitals Health System, Inc. as a pharmacist and worked primarily at UH Geauga Medical Center, but further answering, denies all remaining allegations contained in Paragraph 9 of the Complaint

10. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies them.

11. UH admits only that Plaintiff made certain complaints to UH's Human Resources Department, all complaints were investigated, and Plaintiff's claims were not substantiated, but further answering, denies all remaining allegations in Paragraph 11 of the Complaint

12. UH denies the allegations contained in Paragraph 12 of the Complaint.

13. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14. UH denies the allegations contained in Paragraph 14 of the Complaint.

15. UH denies the allegations contained in Paragraph 15 of the Complaint.

16. UH admits only that during his employment Plaintiff had meetings with Mr. Glowczewski and Ms. Lynce, but further answering, denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. UH denies the allegations contained in Paragraph 17 of the Complaint.

18. UH denies the allegations contained in Paragraph 18 of the Complaint.

19. UH denies the allegations contained in Paragraph 19 of the Complaint.

20. UH denies the allegations contained in Paragraph 20 of the Complaint.

21. UH admits only that Plaintiff was advised and/or coached about appropriate interactions with co-workers, but further answering, denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24. UH admits only that Plaintiff communicated with Mr. Soyka by e-mail, but further answering, denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26. UH admits only that Plaintiff met with Ms. Lynce to discuss Plaintiff's work performance, but further answering, UH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. UH denies the allegations contained in Paragraph 27 of the Complaint.

28. UH denies the allegations contained in Paragraph 28 of the Complaint.

29. UH admits only that Plaintiff met with Ms. Lynce and Ms. Lerman to discuss Plaintiff's work performance, but further answering, UH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint and therefore denies them.

30. UH admits only that Plaintiff met with Ms. Lynce and Ms. Lerman to discuss Plaintiff's work performance, but further answering, UH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint and therefore denies them.

31. UH admits only that Plaintiff violated UH's policies, but further answering, denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. UH denies the allegations contained in Paragraph 32 of the Complaint.

33. UH denies the allegations contained in Paragraph 33 of the Complaint.

34. UH denies the allegations contained in Paragraph 34 of the Complaint.

35. UH denies the allegations contained in Paragraph 35 of the Complaint.

36. UH denies the allegations contained in Paragraph 36 of the Complaint.

37. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies them.

38. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies them.

39. UH admits only that UH referred Plaintiff to the Employee Assistance Program, but further answering, UH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint and therefore denies them.

40. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies them.

41. UH denies the allegations contained in Paragraph 41 of the Complaint.

42. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies them.

43. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies them.

44. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45. UH denies the allegations contained in Paragraph 45 of the Complaint.

46. UH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and therefore denies them.

47. UH admits only that UH referred Plaintiff to the Employee Assistance Program, but further answering, denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. UH admits only that Plaintiff communicated by e-mail with Mr. Osborne, but further answering, denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. UH admits only that Plaintiff communicated by e-mail with Mr. Osborne, but further answering, denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. UH admits only that UH referred Plaintiff to the Employee Assistance Program, but further answering, denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. UH denies the allegations contained in Paragraph 51 of the Complaint.

52. UH admits only that UH referred Plaintiff to the Employee Assistance Program, but further answering, denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. UH admits only that Plaintiff filed a Charge with the Ohio Civil Rights Commission, but further answering, denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. UH denies the allegations contained in Paragraph 54 of the Complaint.

55. UH denies the allegations contained in Paragraph 55 of the Complaint.

56. UH denies the allegations contained in Paragraph 56 of the Complaint.

### FIRST CLAIM FOR RELIEF
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)

57. UH denies the allegations contained in Paragraph 57 of the Complaint.

58. UH denies the allegations contained in Paragraph 58 of the Complaint.

### SECOND CLAIM FOR RELIEF
### Medical Exams in Violation of Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. §2000e-2(a)

59. UH denies the allegations contained in Paragraph 59 of the Complaint.

60. UH denies the allegations contained in Paragraph 60 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Disability Discrimination and Harassment in Violation of Title I of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)

61. UH denies the allegations contained in Paragraph 61 of the Complaint.

62. UH denies the allegations contained in Paragraph 62 of the Complaint.

### INJUNCTIVE RELIEF ALLEGATIONS

63. UH denies the allegations contained in Paragraph 63 of the Complaint.

64. UH denies the allegations contained in Paragraph 64 of the Complaint.

### PRAYER FOR RELIEF

UH denies Plaintiff is entitled to any relief from UH, including the relief sought in the Prayer for Relief/Wherefore Clause of the Complaint.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the applicable statute of limitations.

3. The Complaint is barred by the doctrines of waiver, release, laches, and estoppel.

4. Plaintiff has failed to mitigate his damages.

5. Plaintiff's damages, if any, were solely the result of his own actions or inactions, unaffected by UH in any way.

6. Plaintiff's alleged damages are not recoverable because they are remote and speculative.

7. The Complaint must be dismissed for failure to exhaust administrative remedies.

8. Plaintiff's Complaint fails because Plaintiff has not been subject to any adverse employment actions.

9. Any action taken by UH which was adverse to Plaintiff in regards to his terms and conditions of employment was for legitimate, non-discriminatory, and/or non-retaliatory reasons.

10. The Complaint is barred because UH did not know or have reason to know of any alleged discriminatory conduct and was not given the opportunity to take prompt remedial action.

11. At all times, UH acted with an honest belief that all decisions regarding Plaintiff and/or Plaintiff's employment were done for legitimate, non-discriminatory and non-retaliatory reasons.

12. There is no basis in fact for Plaintiff to seek an award of punitive damages against UH and any claim for punitive damages is barred because UH acted, at all times, in good faith to comply with applicable anti-discrimination laws.

13. UH did not willfully violate any law, and any actions taken by UH in connection with Plaintiff's employment were taken in good faith.

14. At all times, UH complied with the requirements of the Americans with Disabilities Act, including but not limited to, making inquiries or examinations that were job related and consistent with business necessity, engaging in the interactive process, and to the extent accommodations were not provided, it was because they required a fundamental alteration of the services provided, a change in the essential functions of Plaintiff's job, and/or presented undue hardship.

15. UH exercised reasonable care to prevent and/or promptly correct any discriminatory conduct and Plaintiff's claims are therefore barred.

16. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by UH or otherwise to avoid harm and his claims are therefore barred.

17. Plaintiff's claims may be foreclosed and his damages may be limited by the after-acquired evidence doctrine.

18. UH would have taken the same actions regardless of Plaintiff's exercise of his rights under any Federal law and/or his engagement in any other protected activity.

19. University Hospitals Corporation never employed Plaintiff.

20. The damages alleged are limited by Federal law.

21. UH hereby gives notice that it intends to rely on defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend this Answer to assert such defenses as they become available.

WHEREFORE, having fully answered, UH requests that the Complaint be dismissed at Plaintiff's costs, and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
dbulea@thinkgk.com
***Counsel for Defendants University Hospitals Health Systems, University Hospitals Corporation, Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***

## **CERTIFICATE OF SERVICE**

I certify that on July 19, 2019, a true and correct copy of *University Hospitals Health Systems' Answer to Plaintiff's Complaint* was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

                                         */s/ Donald C. Bulea*
                                         Donald C. Bulea (0084158)
                                         ***Counsel for Defendants University Hospitals Health Systems, University Hospitals Corporation, Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***