IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | **INDIVIDUAL DEFENDANTS' MOTION** |
| UNIVERSITY HOSPITALS | ) | **TO DISMISS** |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COME Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman (collectively "Individual Defendants"), by and through undersigned counsel, and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss all claims against them. A Brief in Support is attached hereto.

    Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
          dbulea@thinkgk.com
***Counsel for Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***

# BRIEF IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

In his Complaint, Plaintiff Frank Dundee ("Plaintiff") alleges violations of:

(1) Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e-2(a) ("Title VII") [Doc. 1, PageID #s 3 and 29]; and

(2) Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. §2000e-2(a) ("ADA") [Doc. 1, PageID #s 3 and 30-31].

Because the Individual Defendants cannot be held individually liable under these statutes, all claims against them should be dismissed.

## II. FACTS ALLEGED IN THE COMPLAINT

The Individual Defendants deny all of the Complaint allegations, but to the extent necessary to determine this Motion, and solely for purposes of this Motion, the Court can treat them as true.[1] Thus, according to the Complaint, since 2010 Plaintiff worked for University Hospitals Health Systems, Inc. ("UH") as a Pharmacist at UH Geauga Medical Center, reporting to Rachael Lerman. [Doc. 1, PageID #12]. Plaintiff claims that Ms. Lerman made "unwanted sexual advances" towards him between the "Spring of 2012 and October of 2013." [*Id.*] Plaintiff reported these sexual harassment allegations to UH's Human Resources Department three (3) years later, on June 26, 2016 [*Id.*]. Human Resources investigated Plaintiff's claims and they were not substantiated. [Doc. 1, PageID #s 13-14]. Plaintiff alleges that approximately five (5) weeks later, on August 5, 2016, he was called to a meeting with Jason Glowczewski, Chief Operating Office of UH Geauga Medical Center, and Danialle Lynce, UH Geauga Medical Center's Director of Human Resources. [Doc. 1, PageID #14]. During this meeting, Plaintiff claims to have been threatened with "discharge." [Doc. 1, PageID #15]. Plaintiff claims this

---

[1] *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

meeting was in "retaliation" for making the sexual harassment allegations against Ms. Lerman. [Doc. 1, PageID #15].

Plaintiff then alleges that a year later, on June 26, 2017, he was given a corrective action by Ms. Lynce and Ms. Lerman. [Doc. 1, PageID #s 18-19]. The corrective action was for Plaintiff's violations of UH's policies, including creating a "Conflictive Work Relationship." [Doc. 1, Page ID # 20]. Along with the corrective action, Plaintiff was also required to meet with a counsel in UH's Employee Assistance Program ("EAP"). [Doc 1, PageID #22].

Also in November 2017, Shawn Osborne, VP of Pharmacy Services, sent Plaintiff a letter advising that Plaintiff was required to meet with EAP. [Doc. 1, PageID #25]. Since June 26, 2017, Plaintiff has not received any further corrective action and he remains employed by UH as a Pharmacist at UH Geauga Medical Center. [Doc. 1, Page ID #28].

These facts form the basis for Plaintiff's claims against the Individual Defendants for retaliation in violation of Title VII and violation of the ADA. [Doc. 1, Page ID #s 29-31].

### III. LAW AND ARGUMENT

**A. The Individual Defendants Meet The Legal Standard For A Motion To Dismiss.**

For purposes of a motion to dismiss, a plaintiff's well-pleaded factual allegations should be accepted as true in order to determine whether the complaint establishes a valid basis for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). However, this rule does not apply to legal conclusions or unwarranted factual inferences. *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011).

To survive, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief. *Id.* at 679. The complaint should therefore be dismissed when it appears beyond a doubt that the plaintiff can prove no set of facts that entitle him to relief. *LRL Properties v. Portage Metro. Housing Auth.,* 55 F.3d 1097, 1104 (6th Cir. 1995).

### B. Plaintiff's Complaint Fails To State A Claim Against The Individual Defendants For Violation Of Title VII Or The ADA.

Plaintiff has sued the Individual Defendants to hold them personally liable under Title VII and the ADA. It is beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief from the Individual Defendants. *LRL Properties,* 55 F.3d at 1104. Sixth Circuit law holds that in enacting Title VII, "Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII" or other "similar statutory schemes" including the ADA. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-406 (6th Cir. 1997); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999); *Pennsylvania State Police v. Suders*, 542 U.S. 129, 138 n.4, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004) (upholding district court's dismissal of the plaintiff's "Title VII [] claims against the individual defendants on the ground that those statutes do not provide for individual liability.")

Similarly, the Sixth Circuit has expressly noted that individual supervisors "may not be held personally liable in ADA cases." *Satterfield v. Tennessee*, 295 F.3d 611, 616 n. 4 (6th Cir. 2002). More directly, the Sixth Circuit recently reiterated that "there is no individual liability under the ADA." *Monroe v. Consumers Energy*, 6th Cir. No. 18-1006, 2018 U.S. App. LEXIS 27887, *4 (Oct. 1, 2018), *citing Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). As the

4

Individual Defendants cannot be held liable under Title VII or the ADA, Plaintiff's claims against the Individual Defendants must be dismissed for failure to state a claim.

### IV. CONCLUSION

Based on the foregoing, the Individual Defendants respectfully request that this Court dismiss all claims against them.

Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
dbulea@thinkgk.com
***Counsel for Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***

## **CERTIFICATE OF SERVICE**

I certify that on July 19, 2019, a true and correct copy of *Defendants' Motion to Dismiss Individual Defendants* was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

                              */s/ Donald C. Bulea*
                              Donald C. Bulea (0084158)
                              ***Counsel for Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***