IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT UNIVERSITY HOSPITALS** |
| UNIVERSITY HOSPITALS | ) | **HEALTH SYSTEMS, INC.'S MOTION** |
| CORPORATION, et al., | ) | **FOR JUDGMENT ON THE PLEADINGS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant University Hospitals Health Systems, Inc., incorrectly identified in the Complaint as University Hospitals Geauga Community Hospitals and University Hospitals Corporation ("UH"), by and through undersigned counsel, and hereby moves this Honorable Court pursuant to Fed.R.Civ.P. 12(c) for judgment in its favor on all claims. A Brief in Support is attached hereto.

                        Respectfully submitted,

                        */s/ Donald C. Bulea*
                        Kerin Lyn Kaminski (00013522)
                        Donald C. Bulea (0084158)
                        GIFFEN & KAMINSKI, LLC
                        1300 East Ninth Street, Suite 1600
                        Cleveland, Ohio 44114
                        Telephone: 216-621-5161
                        Facsimile: 216-621-2399
                        E-mail:   kkaminski@thinkgk.com
                                        dbulea@thinkgk.com
                        ***Counsel for Defendant University Hospitals Health Systems, Inc.***

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I.   INTRODUCTION

Plaintiff Frank Dundee's ("Plaintiff") claims against UH are time barred. The events that form the basis for the claims in Plaintiff's Complaint [Doc. 1] started in 2012 and ended on January 10, 2018. Plaintiff filed his first charge with the Equal Employment Opportunity Commission ("EEOC") on July 10, 2017, so any actions that occurred more than 300 days prior to this date cannot form the basis for his claims. Further, on July 20, 2018, the EEOC dismissed all of Plaintiff's charges, including those he filed with the Ohio Civil Rights Commission ("OCRC"), and issued Plaintiff a right to sue letter which allowed suit to be filed within ninety (90) days of the letter. Plaintiff did not timely file suit within 90 days of that letter and therefore all of his claims are time barred.

### II.   PERTINENT FACTS ALLEGED IN THE COMPLAINT.

UH denies[1] many of the Complaint allegations, but to the extent necessary to determine this Motion, and solely for purposes of this Motion, the Court can treat them as true.[2] According to the Complaint, since 2010 Plaintiff worked for University Hospitals Health Systems, Inc. ("UH") as a Pharmacist at UH Geauga Medical Center, reporting to Rachael Lerman. [Doc. 1, PageID #12]. Plaintiff claims that Ms. Lerman made "unwanted sexual advances" towards him between the "Spring of 2012 and October of 2013." [*Id.*] Plaintiff reported these sexual harassment allegations to UH's Human Resources Department three (3) years later on June 26, 2016. [*Id.*] Human Resources investigated Plaintiff's claims and they were not substantiated. [Doc. 1, PageID #s 13-14]. Plaintiff alleges that approximately five (5) weeks later, on August 5, 2016, he was called to a meeting with Jason Glowczewski, Chief Operating Office of UH

---

[1] UH has separately filed an Answer that responds to the Complaint allegations.
[2] *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

2

Geauga Medical Center, and Danialle Lynce, UH Geauga Medical Center's Director of Human Resources. [Doc. 1, PageID #14]. During this meeting, Plaintiff claims to have been threatened with "discharge." [Doc. 1, PageID #15]. Plaintiff claims this meeting was in "retaliation" for making the sexual harassment allegations against Ms. Lerman. [Doc. 1, PageID #15].

Plaintiff then alleges that a year later, on June 26, 2017, he was given a corrective action by Ms. Lynce and Ms. Lerman. [Doc. 1, PageID #s 18-19]. The corrective action was for Plaintiff's violations of UH's policies, including creating a "Conflictive Work Relationship." [Doc. 1, Page ID # 20]. Along with the corrective action, Plaintiff was also required to meet with a counselor in UH's Employee Assistance Program ("EAP"). [Doc. 1, PageID #22].

On July 10, 2017, after receiving the corrective action and referral to EAP, Plaintiff filed a charge with the EEOC for retaliation based on the August 5, 2016 meeting as well as the June 26, 2017 corrective action and referral to EAP. [Doc. 1, PageID #22; *see also* Plaintiff's Charge filed with the EEOC, Charge No. 533-2017-01275, July 10, 2017, attached as Exhibit A[3]]. Thereafter, Plaintiff attended an EAP counseling session on July 26, 2017 and the EAP counselor referred Plaintiff for a psychiatric evaluation. [Doc. 1, PageID #s 22-23]. Plaintiff did not attend the psychiatric evaluation. [Doc. 1, PageID #25]. After this EAP session, Plaintiff completed two updated EEOC Intake Questionnaires that included the August 5, 2016 meeting, the June 26, 2017 corrective action and referral to EAP as actions that formed the basis for his EEOC charge. [EEOC Intake Questionnaires, August 19 and 23, 2017, attached as Exhibit B].

In November 2017, Shawn Osborne, VP of Pharmacy Services, sent Plaintiff a letter advising that Plaintiff was required to meet with EAP. [Doc. 1, PageID #25]. Plaintiff attended a

---

[3] As explained more fully in Section (III)(B) *infra,* the Court may consider Plaintiff's charges and related correspondence as they are public records, the Court is permitted to take judicial notice of them, they are part of the administrative record of this case, and/or they are referenced in Plaintiff's Complaint and an integral part of Plaintiff's claims. *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009).

second meeting with EAP on January 10, 2018. [Doc. 1, PageID #26]. While the EAP counselor recommended Plaintiff attend further counseling sessions, Plaintiff has not scheduled or attended any further meetings with EAP, nor did Plaintiff attend any psychiatric evaluations. [Doc. 1, PageID #s 27-28]. On April 14, 2018, Plaintiff filed a charge with the OCRC based on the August 5, 2016 meeting, the June 26, 2017 corrective action and referral to EAP, the November 2017 letter from Mr. Osborne, and his attendance of the EAP counseling session on January 10, 2018, which was transferred to the EEOC and assigned Charge No. 22A-2018-02065. [OCRC Charge, April 14, 2018, attached as Exhibit C].

On July 20, 2018, the EEOC closed its file after being unable to conclude any violations of Title VII or the ADA and issued a Dismissal and Notice of Right to Sue letter to Plaintiff for both of Plaintiff's EEOC charges. [Dismissal and Notice of Right to Sue, attached as Exhibit D]. This gave Plaintiff 90 days to file suit based on the allegations made in his charges. More than 90 days later, on October 29, 2018, the EEOC issued a Notice of Intent to Rescind for both of Plaintiff's Charges (Nos. 533-2017-01275 and 22A-2018-02065) which stated that the EEOC "decided to rescind the no reasonable cause determination rendered in this case on July 20, 2018. The charging party's right to sue is hereby vacated, **unless** the … 90 day period has expired,…." [Notice of Intent to Rescind, attached as Exhibit E (**emphasis** in original)].[4] As will be demonstrated below, because Plaintiff did not file any charge within 300 days of the August 5, 2016 meeting, and because he did not file suit within 90 days of the Dismissal and Notice of Right to Sue letter issued on July 20, 2018 [Exhibit D and E], the claims set forth in Plaintiff's Complaint are time barred and judgment in favor of UH should be granted.

---

[4] Plaintiff filed a subsequent charge with the EEOC on September 2, 2018, based on alleged actions that are not included in the Complaint and that took place between March 21, 2018 and August 21, 2018. This charge is what caused the EEOC to issue the Notice of Intent to Rescind, and ultimately to issue a new and separate Dismissal and Notice of Right to Sue letter that Plaintiff included as part of his Complaint. [Doc. 1, PageID #8].

### III. LAW AND ARGUMENT

#### A. Standard for Motion for Judgment on the Pleadings.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). To survive such a motion, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of h[er] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (internal quotations omitted). For purposes of a motion to dismiss, a plaintiff's well-pleaded factual allegations should be accepted as true and construed in a light most favorable to them in order to determine whether the complaint establishes a valid basis for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). However, this rule does not apply to legal conclusions or unwarranted factual inferences. *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011).

Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief. *Id.* at 679. The complaint should therefore be dismissed when it appears beyond a doubt that the plaintiff can prove no set of facts that entitle her to relief. *LRL Properties v. Portage Metro. Housing Auth.,* 55 F.3d 1097, 1104 (6th Cir. 1995).

### B. The Court May Consider The EEOC Charges And Related Correspondence.

Generally, in ruling on a Rule 12(c) motion, the court considers all available pleadings, including the complaint and the answer. *See* Fed.R.Civ.P. 12(c). But when deciding a motion for judgment on the pleadings, the Court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999); *Benton v. M3 Motors, Inc.*, N.D. Ohio No. 1:15 CV 541, 2015 U.S. Dist. LEXIS 136263, *2 (October 5, 2015). Moreover, within the Sixth Circuit courts specifically recognize that they may take judicial notice of the EEOC charging documents and related correspondence when ruling on Rule 12(c) motions because these documents are a matter of public record. *Williams v. Steak 'N Shake*, N.D. Ohio No. 5:11CV833, 2011 U.S. Dist. LEXIS 91769, *7 (August 17, 2011).

### C. Plaintiff's Claims For Violation Of Title VII And The ADA Are Time Barred.

In his Complaint, Plaintiff makes claims against UH for violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e-2(a) ("Title VII") and (Title I of

6

the Americans with Disabilities Act, as amended, 42 U.S.C. §2000e-2(a) ("ADA"). [Doc. 1, PageID # 29-31]. Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, he must satisfy two administrative prerequisites: (1) filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003), *citing Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). Likewise, a plaintiff who wishes to bring a lawsuit under the ADA must file a charge of discrimination with the EEOC and then comply with the statutory notice of the right to sue. *Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 309 (6th Cir. 2000); 42 U.S.C. §12117(a); 42 U.S.C. §2000e-5(e)(1).

In this case, Plaintiff filed his first charge with the EEOC on July 10, 2017. [Doc. 1, PageID # 22; *see also* Plaintiff's Charge filed with the EEOC, Charge No. 533-2017-01275, July 10, 2017, attached as Exhibit A]. As a result, any actions that took place more than 300 days before this date, or before September 13, 2016, cannot form the basis for Plaintiff's claims under either the ADA or Title VII. *Sherman v. Optical Imaging Sys.*, 843 F. Supp. 1168, 1179-1180 (E.D.Mich 1994), *citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982) ("a plaintiff must file a charge with the [EEOC] within, at most, three hundred days after the alleged unlawful employment practice occurred … this provision operates as a statute of limitation."); *see also Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002) ("the 300-day bar … does have the effect of a statute of limitation"); *accord Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001); *Morgan v. St. Francis Hosp.*, W.D.Tenn. No. 2:18-cv-02042-TLP-tmp, 2019 U.S. Dist. LEXIS 12319, *5 (Jan. 25, 2019). Accordingly, to the extent that Plaintiff basis his claims on events that occurred prior to September 13, 2016,

including the meeting on August 5, 2016, those claims are time barred. *Zipes*, 455 U.S. at 393; *Weigel*, 302 F.3d at 376.

Further, Plaintiff's claims that are based on the June 26, 2017 correction action and referral to EAP, as well as his EAP counseling session on January 10, 2018, are also time barred because Plaintiff did not file suit within 90 days of the Dismissal and Notice of Right to Sue letter the EEOC issued on July 20, 2018. [Exhibits D and E]. To be timely, Plaintiff was required to file suit within 90 days, or by October 18, 2018, which Plaintiff failed to do so his claims are time barred. *Nichols*, 318 F.3d at 677.

The EEOC's Notice of Intent to Rescind does not save Plaintiff's claims. While the EEOC did issue a Notice of Intent to Rescind on October 29, 2019, it did so 99 days after the Dismissal and Notice of Right to Sue was sent to Plaintiff. [Exhibit E]. The Notice of Intent to Rescind did not extend the time period for Plaintiff to file suit, and the fact that Plaintiff filed a new charge in September 2018, based on new alleged actions, and that the EEOC issued a new and separate Notice of Right to Sue, has no effect. 29 C.F.R. 1601.19(b). Pursuant to 29 C.F.R. § 1601.19(b), "if the 90 day suit period has expired [which it did in this case]…, the notice of intent to reconsider shall vacate the letter of determination, ***but shall not revoke the charging party's right to sue in 90 days.***"[5] (*emphasis* added). It is clear, therefore, that 29 C.F.R. § 1601.19(b) nullifies the original 90-day period for filing suit only if the EEOC issues a notice of its intent to reconsider within 90 days of the prior no cause determination. *See McCray v. Corry Mfg. Co.,* 61 F.3d 224, 229 (3d Cir. 1995). Because the Notice of Intent to Rescind was issued here 99 days after the prior determination, the original 90 day period was not nullified and Plaintiff was required to file suit by October 18, 2019, which he failed to do. Accordingly,

---

[5] Plaintiff did not request a notice of right to sue pursuant to §1601.28(a)(1) or (2) so that portion of 29 C.F.R. §1601.19(b) is not applicable.

8

Plaintiff's claims based the June 26, 2017 meeting and referral to EAP and his January 10, 2018 EAP counseling session are time barred and UH is entitled to judgment in its favor. *McCray,* 61 F.3d at 229.

## IV. CONCLUSION

To the extent Plaintiff's claims rest on actions taken on August 5, 2016, Plaintiff failed to timely file a charge with the EEOC. To the extent Plaintiff basis his claims on the June 26, 2017 corrective action and referral to EAP and/or the January 10, 2018 EAP counseling session, those claims are time barred because Plaintiff did not file suit within 90 days of the EEOC's right to sue letter. Accordingly, UH respectfully request that this Court grant judgment in its favor as all of Plaintiff's claims are time barred.

Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
dbulea@thinkgk.com
***Counsel for Defendant University Hospitals Health Systems, Inc.***

## **CERTIFICATE OF SERVICE**

I certify that on July 19, 2019, a true and correct copy of *Defendant University Hospitals Health Systems, Inc. Motion for Judgment on the Pleadings* was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

                                    */s/ Donald C. Bulea*
                                    Donald C. Bulea (0084158)
                                    ***Counsel for Defendant University Hospitals Health Systems, Inc.***