IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
SEP 24 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

Frank Dominic Dundee,
    Plaintiff

CASE NO. 1:19CV01141

-vs-

JUDGE DAN AARON POLSTER

Danialle Lynce, et al.,
    Defendant(s)

# PLAINTIFF'S OPPOSITION TO DEFENDANT UNIVERSITY HOSPITALS HEALTH SYSTEMS INC. JUDGEMENT ON THE PLEADINGS

NOW COME Plaintiff Frank Dominic Dundee, pro se litigant, by and through his own counsel, hereby move this Honorable Court to dismiss University Hospitals Health Systems Inc. motion for Judgement on the Pleadings. A Brief in Support is attached hereto.

Respectfully submitted

Frank Dominic Dundee
Pro Se Litigant
7707 Amberwood Trail
Boardman, Ohio 44512
Telephone: 330-398-8274
Facsimile: 330-726-2662
Email: fdundee@gmail.com

**PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION TO DISMISS/PLEADINGS**

**I.    Introduction**

The Defense argues that the claims against University Hospitals and the individual defendants are time barred, despite direct and incontrovertible evidence to the contrary showing the Plaintiff timely filed during every step of the EEOC process. The Plaintiff is accustomed to dealing with Human Resource and managerial harassment at UH, based on an Orwellian, false narrative that vilified him as an employee and as a person, in direct contrast to the reality of the plaintiff's professional career and character. But the Plaintiff is surprised to find that even the laws of mathematics are being twisted in the same Orwellian fashion in order to prevent a hearing on the merits of the Plaintiff's charges.

In this motion to dismiss on the pleadings, the brief ignores the basic EEO law regarding the factual HR and managerial harassment reported in the Plaintiff's charge of retaliation: In harassment cases such as this, a claimant must file a charge within 180 or 300 days of the <u>last incident of harassment</u>; although EEOC investigators will look at <u>all incidents of harassment when investigating the charge, even if the incidents happened more than 180/300 days earlier.</u> The brief in support of the motion to dismiss on the pleadings attempts to start the clock ticking on the 180/300 day time limits at some time earlier than "the last incident of harassment." A look at the actual timeline of the EEOC charges, supported by the filings, disproves the "time-barred" argument.

2

## Timeline of EEOC Charges

7/10/2017: The Plaintiff filed a charge of retaliation against a protected activity with the Pittsburgh Office of the EEOC; this charge was timely filed within 180 days of receiving a final warning discipline on 6/26/2017.

8/19/2017: The Plaintiff submitted an intake questionnaire to EEOC Cleveland Office regarding retaliation against a protected activity under Title VII [this was a follow-up to a charge submitted on 7/10/2017 to the Pittsburgh Office of the EEOC which transferred the charge to the Cleveland Office]; this charge was timely filed within 180 days of receiving a final warning discipline on 6/26/2017

8/23/2017: The Plaintiff submitted a new charge citing ADA violations being forced into the University Hospitals Employee Assistance Program and forced to undergo a psychiatric examination under threat of termination, completing an intake questionnaire submitted to EEOC regarding ADA violation; this charge was timely filed within 180 days of attending the mandatory EAP counseling session with David Riccardi, on 7/26/2017. The charges of 8/19/2017 and 8/23/2017 we combine into charge 533-2017-01275 in the Cleveland Office of the EEOC

9/7/2017: Ohio Civil Rights Commission acknowledges a dual filing notice with the EEOC over the ADA charge

9/14/17: Charge of discrimination filed with EEOC and Ohio Civil Rights Commission for retaliation and ADA mandatory EAP violation.

3

9/20/2017: EEOC Cleveland Office acknowledges receipt of charge 533-2017-01275, signed 9/14/2017.

3/17/2018: Plaintiff filed charge of discrimination/retaliation with the OCRC; this charge was timely filed within 180 days of being mandated, under threat of termination, into a counseling session in the University Hospitals Employee Assistance program on 1/10/2018 with EAP counselor Jill Fulton-Royer, by Shawn Osborne.

4/18/2018: Plaintiff's notarized charge of discrimination/retaliation is received by the OCRC, later forwarded to the Cleveland Office of the EEOC resulting in charge 22A-2018-02065

8/16/2018: The Plaintiff received the right to sue letter for charges 22A-2018-02065 and 533-2017-01275 from the Cleveland Office of the EEOC dated 8/13/2018. The Plaintiff appealed the decision to the director of the Cleveland Office, Cheryl Mabry.

10/29/2018: Cheryl Mabry issued a Notice of Intent to Rescind, vacating the charging party's right to sue for charges 533-2017-01275 and 22A-2018-02065. This was timely issued within 90 days of the Right To Sue letter of 8/16/2018.

3/8/2019: The Plaintiff received the right to sue for charges 533-2017-01275 and 22A2018-02065 dated 3/6/2019.

4/13/2019: The Plaintiff received Dismissal and Notice of Rights from EEOC District Office, Indianapolis, Indiana, right to sue 90 days dated 4/11/2019

5/20/2019: The Plaintiff exercised the right to sue and filed a lawsuit in Federal District Court, Northern District of Ohio; this was timely filed within 90 days of the right to sue letter on 3/8/2019.

## I. CONCLUSION

At no point in the EEOC process was any charge filed by the Plaintiff, untimely; nor was the lawsuit filed untimely. The motion ignores both EEO law and the laws of mathematics in order to avoid a trial in which the facts set forth a claim upon which relief may be granted to the Plaintiff, as a matter of law.

Respectfully submitted

Frank Dominic Dundee

Pro Se Litigant

7707 Amberwood Trail

Boardman, Ohio 44512

Telephone: 330-398-8274

Facsimile: 330-726-2662

Email: fdundee@gmail.com

5

## CERTIFICATE OF SERVICE

I certify that on September 25, 2019, a true and correct copy of Plaintiff's Opposition of Defendants' Danialle Lynce, Jason Glowczewski, Shawn Osborne, Rachael Lerman and University Hospitals Health Systems, Inc., Individual Defendants' Motion To Dismiss was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Donald C. Bulea

GIFFEN & KAMINSKI, LLC

1300 East Ninth Street, Suite 1600

Cleveland, Ohio 44114

Frank Dominic Dundee

Pro Se Litigant