IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | **REPLY IN SUPPORT OF INDIVIDUAL** |
| CORPORATION, et al., | ) | **DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |

Plaintiff Frank Dundee ("Plaintiff") failed[1] to rebut the binding Sixth Circuit law that holds individual supervisors cannot be liable for claims made under Title VII or the ADA. The Court should grant Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman's (collectively "Individual Defendants") Motion and dismiss all claims against them with prejudice.

**I.   The Sixth Circuit Unambiguously Holds That There Is No Individual Liability under the Definition of "Employer" in Title VII or the ADA.**

The only case Plaintiff cites in the Sixth Circuit is *Kolb v. Dep't of Mental Retardation & Developmental Disabilities*, 721 F. Supp. 885 (N.D. Ohio 1989). [Doc. 15, PageID #131]. But, fatal to Plaintiff's arguments, since *Kolb* was decided over 30 years ago, the Sixth Circuit has expressly rejected the argument that supervisors can be held individually liable as "agents" within the meaning of "employer" under Title VII. *Wathen v. GE*, 115 F.3d 400, 405-406 (6th Cir. 1997); *see Mason v. Nochomovitz*, No. 1:14-CV-1407, 2015 U.S. Dist. LEXIS 59285, at *5 (N.D. Ohio Feb. 20, 2015) (citing Sixth Circuit decisions since *Wathen* "refus[ing] to recognize individual liability under Title VII"). And, like claims under Title VII, "[i]t is also well-

---

[1] Additionally, Plaintiff's Brief in Opposition was not filed timely. Pursuant to N.D. Ohio Local Rule 7.1(d), Plaintiff was required to file his brief in opposition no later than August 21, 2019.

established in the Sixth Circuit that the ADA does not impose liability upon individuals." *Mason v. Nochomovitz*, No. 1:14-CV-1407, 2015 U.S. Dist. LEXIS 59285, at *5 (citing *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases")). Plaintiff's Brief in Opposition addresses neither this binding Sixth Circuit authority nor the binding authority cited in the Individual Defendants' Motion to Dismiss, which requires dismissal of all claims against the Individual Defendants.

**II. The Persuasive Authority Cited in Plaintiff's Brief in Opposition Does Not Save His Claims Against the Individual Defendants.**

Plaintiff misconstrues many holdings from jurisdictions that are not binding on this Court. For example, in *Hamilton,* the Fifth Circuit recognized that "we must [] proceed cautiously, recognizing that it is only employers who are subject to statutory liability." *Hamilton v. Rodgers*, 791 F.2d 439, 442 (5th Cir. 1986). Similarly, the Seventh Circuit recognized that employer liability for the acts of its supervisors squares with the common law doctrine of *respondeat superior*. *Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir. 1990). Neither proposition helps Plaintiff's claims against the Individual Defendants.

The other cases Plaintiff cites are equally inapposite. The cases are from the 1980s and 1990s, prior to the creation of binding case law holding that individual supervisors could not be held liable under Title VII and the ADA within the Sixth Circuit. As pertinent to this case, the Sixth Circuit has expressly rejected arguments for individual liability brought directly under Title VII and similar statutory schemes. *See*, *e.g.*, *Sabouri v. Ohio Dep't of Educ.*, No. 96-4331, 1998 U.S. App. LEXIS 1638, at *5 (6th Cir. Feb. 2, 1998) (holding "neither Title VII nor the ADEA provides for individual liability").

### III. Conclusion

For these reasons set forth above, this Court should dismiss all claims against the Individual Defendants in this case with prejudice.

    Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
          dbulea@thinkgk.com
***Counsel for Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***

## **CERTIFICATE OF SERVICE**

I certify that on October 1, 2019, a true and correct copy of *Reply in Support of Individual Defendants' Motion to Dismiss* was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

>   */s/ Donald C. Bulea*
>   Donald C. Bulea (0084158)
>   ***Counsel for Defendants Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman***