IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | **DEFENDANT UNIVERSITY HOSPITALS** |
| CORPORATION, et al., | ) | **HEALTH SYSTEMS, INC.'S REPLY IN** |
| | ) | **SUPPORT OF ITS MOTION FOR** |
| Defendants. | ) | **JUDGMENT ON THE PLEADINGS** |

The timeline in Plaintiff Frank Dundee's ("Plaintiff") Complaint and Brief in Opposition to Defendant University Hospitals Health Systems, Inc.'s ("UH") Motion for Judgment on the Pleadings shows that he failed to timely file suit within 90 days of the EEOC's right-to-sue letter. Moreover, the alleged discriminatory acts that occurred in 2016 cannot form the basis for Plaintiff's claims because Plaintiff did not file his charge within 300 days of those actions. Judgment in favor of UH is warranted.[1]

### I. The EEOC's Notice to Rescind Does Not Extend The 90-Day Period For Plaintiff To File His Complaint.

On July 20, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue letter. [Dismissal and Notice of Right to Sue, Doc. 6-4, Page ID# 93]. While Plaintiff claims in his Brief in Opposition that he did not receive this letter until August 16, 2018 [Doc. 14, Page ID# 125], the record reflects that the EEOC issued it's "no reasonable cause decision" and right to sue letter "on July 20, 2018." [Doc. 6-5, Page ID# 96]. Therefore, Plaintiff was required to file suit within 90 days, by October 18, 2018, but failed to do so. The EEOC's October 29, 2018 Notice of Intent to Rescind did not restart the 90-day statutory period because the EEOC sent this

---

[1] Additionally, Plaintiff's Brief in Opposition was not filed timely. Pursuant to N.D. Ohio Local Rule 7.1(d), Plaintiff was required to file his brief in opposition no later than August 21, 2019.

notice *after* expiration of the 90 days time period. 29 C.F.R. §1601.19(b); *accord Ellison v. DaimlerChrysler Corp.*, No. 3:06 CV 899, 2007 U.S. Dist. LEXIS 80227, at *10 (N.D. Ohio Oct. 30, 2007). As the October 29, 2019 Notice of Intent to Rescind neither reset nor extended the 90 day statutory period for Plaintiff to file his complaint, and Plaintiff failed to file within that time period, Plaintiff's claims are time barred.

This holding applies even where, as in this case, the EEOC issues a two right-to-sue letters. "[T]he first letter is the one which commences the statutory period for filing court action . . . [unless] the EEOC subsequently informs the prospective plaintiff ***within the statutory period*** that it is reconsidering its earlier determination.." *Ellison*, 2007 U.S. Dist. LEXIS 80227 at *10 (citing *Caudill v. American Motors Corp.,* 1984 U.S. App. LEXIS 14130 (6th Cir. 1984) (***emphasis*** added); *see also Brown v. Mead,* 646 F.2d 1163, 1164 (6th Cir. 1981) (dismissing suit as untimely where plaintiff did not file within 90 days of the first of two EEOC right-to-sue letters). Therefore, Plaintiff's claims are time barred and UH is entitled to judgment on the pleadings.

## II. The "Continuous Violations Doctrine" Does Not Extend The 90-Day Period For Plaintiff To File His Complaint.

The "continuous violation doctrine" also does not save Plaintiff's claims. The Sixth Circuit has expressly held that merely alleging a continuing violation does not relieve a plaintiff of the need to file a complaint within 90 days of the EEOC's right-to-sue letter. *Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) (citing *Wade v. Knoxville Utils. Bd., *259 F.3d 452, 461 (6th Cir. 2001). Rather, even if a plaintiff alleges "continuous violations" he still must commence his legal action within 90 days of the EEOC's right-to-sue letter. *Id.; accord Burnette v. Wilkie*, No. 1:18-CV-1179, 2019 U.S. Dist. LEXIS 161272, at *22 (N.D. Ohio Sep. 17, 2019); *Gay v. Teleflex Auto.*, No. 3:06 CV 7104, 2008 U.S. Dist. LEXIS 24907, at *15-16 (N.D. Ohio

Mar. 28, 2008). Accordingly, Plaintiff's argument that there was on-going harassment does not save his claims and UH is entitled to judgment on the pleadings.

### III. Vague Allegations of "Ongoing Harassment" Do Not Save Plaintiff's Claims.

In Plaintiff's Brief in Opposition, he argues that because he filed an EEOC charged within 300 days of the "last incident of harassment" that all instances of alleged harassment can form the basis of his Complaint regardless of when they occurred. [Doc. 14, Page ID #123]. This is a misstatement of law.

Acts that occurred outside of the 300 days preceding the filing a charge with the EEOC can only form the basis of Plaintiffs Complaint under the "continue violation doctrine." *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 367-77 (6th Cir. 2002). To establish a continuing violation, "the current violation (the one occurring within the limitations period) must be sufficiently similar or related to the time-barred acts, such that it can be said that the acts are all part of the same pattern of discrimination." *Colosi v. Jones Lang LaSalle Ams., Inc.*, No. 1: 13 CV 505, 2013 U.S. Dist. LEXIS 146751, at *12 (N.D. Ohio Oct. 10, 2013) (citing *Haithcock v Frank*, 958 F.2d 671, 677 (6th Cir. 1992)).

This doctrine does not save Plaintiff's claims. In the Complaint, Plaintiff alleges he received corrective action, "one year to the day [from when] Plaintiff had filed his sexual harassment complaint." [Doc. 1, PageID #18]. More than 11 months passed between the August 5, 2016 meeting between Plaintiff and his supervisors and the filing of his EEOC charge on July 10, 2017. [Doc. 1, PageID #22]. Neither the Complaint nor the timeline in Plaintiff's Brief in Opposition provide any explanation of what alleged discriminatory acts occurred in 2016 or how they were in any way related to the June 26, 2017 corrective action. Accordingly, to the extent Plaintiff attempts to use actions that occurred more than 300 days before July 10, 2017 as the

basis for his claims they are time-barred and cannot be considered as part of Plaintiff's Complaint. *Burnette v. Wilkie,* N.D. Ohio No. 1:18-CV-1179, 2019 U.S. Dist. LEXIS 24904, *22-23 (Sept. 17, 2019).

### IV. Conclusion

As Plaintiff failed to file a charge with the EEOC until July 10, 2017, any actions that occurred before the 300 days preceding this date cannot form the basis for his claim. Regardless, because Plaintiff failed to timely file suit within 90 days of the EEOC's right-to-sue letter all of his claims are time barred. Accordingly, UH respectfully requests that judgment on the pleadings be granted in its favor.

Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
dbulea@thinkgk.com
**Counsel for Defendant University Hospitals Health Systems, Inc.**

## CERTIFICATE OF SERVICE

I certify that on October 1, 2019, a true and correct copy of *Defendant University Hospitals Health Systems, Inc.'s Reply in Support of Its Motion for Judgment on the Pleadings* was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

                                                    */s/ Donald C. Bulea*
                                                    Donald C. Bulea (0084158)
                                                    ***Counsel for Defendant  University Hospitals Health Systems, Inc.***