IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

<u>Frank Dominic Dundee</u>,
      Plaintiff

CASE NO. <u>1:19CV01141</u>

-vs-

JUDGE <u>DAN AARON POLSTER</u>

<u>Danialle Lynce, et al.</u>,
      Defendant(s)

FILED

OCT - 7 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT UNIVERSITY HOSPITALS HEALTH SYSTEMS INC. SUPPORT OF MOTION TO DISMISS INDIVIDUAL DEFENDANTS**

    The Defense has put forth tangential legal decisions that seem to argue against the plaintiff's ability to hold the individuals, Danialle Lynce, Jason Glowszewski, Shawn Osborne and Rachael Lerman, responsible for the direct threats of materially adverse actions in retaliation against a protected activity, sexual harassment; such threats promising increased scrutiny of the plaintiff going forward in his employment with University Hospitals; the Defendants carrying out those threats of retaliation against a protected activity by scrutinizing the plaintiff's emails and workplace activity, over a period of months, searching mightily for any excuse to put the plaintiff into the precarious position of being under a final written warning which would lead to termination; said Defendants up against a time limit in the UH discipline policy, finally, out of desperation for any possible excuse, retaliated by taking a materially

1

adverse action against the Plaintiff for using phrases in non-confrontational emails regarding cost-saving suggestions that would benefit the employer, UH; phrases that no reasonable person would find in any way offensive: "You're a good kid", "He's a pup with little experience" and "A nice boy, but..." to blindside the plaintiff with corrective action, mandating the Plaintiff him into unlawful and degrading forced medical examinations in the UH Employee Assistance Program; all actions under the coercive threat of termination. It would make no sense to a reasonable person if the laws that Congress implemented to serve as a deterrent to discrimination in the workplace, would actually act to encourage unfit HR departments and unfit supervisors to retaliate by taking materially adverse actions against any employee making a good faith complaint for sexual harassment; explicitly allowing Defendants to be free from accountability. Any reasonable person would find such an interpretation of a toothless law ridiculous on its face.

**I. The United States District Court, S.D. Ohio, Eastern Division, Holds retaliation claims are governed by § 4112.02(I), which makes it an unlawful discriminatory practice "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section."**

In Tracy PARKER, Plaintiff, v. STRAWSER CONSTRUCTION, INC., et al., Defendants, United States District Court, S.D. Ohio, Eastern Division, Signed April 25, 2018, 307 F.Supp.3d 744 (2018), states "A defendant therefore need not be an "employer" in order to be subject to liability for discriminatory retaliation under Chapter 4112. Longoria, 2015 WL 6658675, at *6. This result is consistent with Hauser, in which the Ohio Supreme Court recognized identical language in § 4112.02(J) (imposing liability against "any person" who aids and abets any discriminatory practice) as an example of the language the legislature could have used to impose individual liability for discrimination and sexual harassment under § 4112.02(A) had it so chosen. Hauser, ¶ 12."

2

It is incumbent on the court to dismiss the defense argument, such argument based on interpretations legal decisions that do not address an individual's liability for retaliation against a protected activity. The individual Defendants, Danialle Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman, in the Plaintiff's claim are not considered "employers" under laws governing retaliation; they are considered "any person" who aided and abetted the discriminatory practice of sexual harassment.

Many current employees of University Hospitals are well aware of the Plaintiff's claim of retaliation against HR and the supervisors; allowing the individuals to be freed from responsibility will have a most chilling effect on employees throughout the UH organization, especially as the news would spread in the age of smart phones and social media.

## II.     Conclusion

The Congressional laws against retaliation in the workplace cannot be interpreted to free individual defendants from responsibility for taking materially adverse actions against a protected activity. There can be neither a legal argument nor a moral argument that frees the individual defendants from responsibility for their unlawful actions. The plaintiff has submitted a claim against the individual defendants, Daniale Lynce, Jason Glowczewski, Shawn Osborne and Rachael Lerman, in which relief may be granted as a matter of law, regardless of the arguments put forth by the defense.

Respectfully submitted

Frank Dominic Dundee
Pro Se Litigant
7707 Amberwood Trail
Boardman, Ohio 44512
Telephone:    330-398-8274
Facsimile:    330-726-2662
Email:        fdundee@gmail.com