UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

**OCT 11 2019**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | **INITIAL DISCLOSURES OF** |
| CORPORATION, et al., | ) | **PLAINTIFF FRANK DOMINIC** |
| | ) | **DUNDEE** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff Frank Dominic Dundee, Pro Se Litigant, provide the following Initial Disclosures based on information reasonably available to it. Plaintiff's investigation and discovery of possible witnesses, documents and damages is ongoing. As a result, Plaintiff reserves the right to supplement and/or amend these Initial Disclosures to produce additional information acquired during the course of discovery and to rely on such information as evidence in this action.

These Initial Disclosures are made without waiver of Plaintiff's right to object to any discovery request or other proceeding concerning the subject matter of these Initial Disclosures based on competency, privilege, relevance, materiality, hearsay or any other proper ground for objection.

### I. Individuals Likely to Have Discoverable Information that Plaintiff May Use to Support its Claims or Defenses

Pursuant to Rule 26(a)(1)(A)(i), Plaintiff makes its initial disclosure of the following individuals likely to have discoverable information that the Plaintiff may use to support its claim or defenses and identifies the subjects of that information. All the following individuals should be contacted through the pro se litigant of record.

**Plaintiff**

**1. Plaintiff Frank Dundee.**

Plaintiff is likely to have information relating to the veracity of his allegations, his corrective actions and work place behavior, his meetings with various UH employees related to his employment, his referral to UH's employee assistance program ("EAP"), his interactions with his supervisors as well as UH's human resources department, and his current employment status, terms, and conditions.

**Individuals Associated with Plaintiff**

**1.  Mr. Steve Jones**

*Please contact Mr. Jones only through Giffen & Kaminski, 1300 E. 9th St., Suite 1600, Cleveland, Ohio 44114; 216-621-5161, who is outside counsel for Defendants.*

Mr. Jones is employed by UH as President of UH Geauga Community Hospital, is in the direct chain of command above of all individual Defendants in the Plaintiff's claim.  Mr. Jones may be complicit in any and all of the material adverse actions taken in retaliation for the Plaintiff's EEO protected activity, a claim of sexual harassment against Plaintiff's supervisor.

**2.  Attorney Katherine Perry.**

*Please contact Ms. Perry only through Giffen & Kaminski, 1300 E. 9th St., Suite 1600, Cleveland, Ohio 44114; 216-621-5161, who is outside counsel for Defendants.*

Ms. Perry is employed by UH as an in-house attorney and has knowledge of her interactions with Plaintiff, through complaints that the Plaintiff filed over his years as a UH employee concerning ongoing harassment by Ms. Lynce, Ms. Lerman and Mr. Osborne.

2

3.    **Jason Glowczewski.**

*Please contact Mr. Glowczewski only through Giffen & Kaminski, 1300 E. 9th St., Suite 1600, Cleveland, Ohio 44114; 216-621-5161,who is outside counsel for Defendants.*

Mr. Glowczewski is employed by UH as Chief Operating Officer, UH Conneaut and Geneva Medical Centers, and has knowledge of his interactions with Plaintiff in a critical meeting with Ms. Lynce on 8/5/2016, in which threats of materially adverse actions were levied in retaliation against the Plaintiff for engaging in a protected activity, sexual harassment against his supervisor; such threats carried out with the corrective action of 6/26/2017.

4.    **Anna Penko.**

*Please contact Ms. Penko only through Frank Dundee, fdundee@gmail.com.*

Ms. Penko is employed by UH as a pharmacy technician and has knowledge Ms. Lerman's and Ms. Lynce's complicit relationship and knowledge of other employees that Ms. Lerman treated more favorably than the Plaintiff, under the UH discipline policy.

5.    **Susan Thabit.**

*Please contact Ms. Thabit only through Frank Dundee, fdundee@gmail.com*

Ms. Thabit is employed by UH as a clinical pharmacist and has knowledge of a meeting that took place in the office of Defendant, Ms. Lynce, at some time between the filing of the Plaintiff's sexual harassment claim on 6/26/16, and the meeting of 8/5/16, in which the Plaintiff was threatened by Ms. Lynce and Mr. Glowczewski with materially adverse actions in retaliation against a protected activity, a claim of sexual harassment against Plaintiff's supervisor.

6.    **Wendy Henoch.**

*Please contact Ms. Henoch only through Giffen & Kaminski, 1300 E. 9th St., Suite 1600, Cleveland, Ohio 44114; 216-621-5161,who is outside counsel for Defendants.*

1.    Ms. Henoch is the UH Compliance Officer over UH Geauga Community Hospital

and has knowledge related to the Plaintiff being mandated into unlawful medical examinations in the corrective action policy of UH, mandated EAP counseling sessions.

### 2. Phillip Snyder.

*Please contact Mr. Snyder only through Frank Dundee, fdundee@gmail.com.*

Mr. Snyder is employed by UH as a clinical pharmacist and witnessed the phone call at approximately 10:00 pm, on the night of August 4, 2016, in which Mr. Glowczewski invited the Plaintiff to a meeting in the HR Office at 7:00 am, August 5, 2016, in the UH Geauga Medical Center, under the guise of discussing the Plaintiff's claim of sexual harassment against his supervisor.

### 3. Rebecca Besselman.

*Please contact Ms. Besselman only through Frank Dundee, fdundee@gmail.com.*

Ms. Besselman was employed by UH as a Human Resources Generalist and was compelled by Atty. Katherine Perry and Atty. Ed Soyka, of the UH Compliance Department, to sit as a witness in any interaction with Ms. Lerman, due the Plaintiff's ongoing complaints of harassment.  Ms. Besselman also has intimate knowledge of the sexual harassment investigation conducted by Ms. Lynce and Mr. Soyka, and how the Plaintiff's emails were scrutinized by Ms. Lynce, Ms. Lerman and other persons yet to be named leading to the corrective action of 6/26/17.

### 4. Jill Spuzillo.

*Please contact Ms. Spuzillo through Frank Dundee, fdundee@gmail.com*

Ms. Spuzillo was mandated into EAP counseling and subsequently terminated.

### 5. Jeffery Janusko

*Please contact Mr. Janusko through Frank Dundee, fdundee@gmail.com*

Mr. Janusko is employed by UH in Facilities Management, currently mandated into EAP counselling sessions, in violation of the ADA, under threat of termination.

    **6.**      Heather Harmon

*Please contact Ms. Harmon only through Giffen & Kaminski, 1300 E. 9th St., Suite 1600, Cleveland, Ohio 44114; 216-621-5161,who is outside counsel for Defendants.*

Ms. Harmon is employed by UH as the Vice President of Human Resources and has knowledge of disciplinary actions undertaken against Ms. Lynce for her improper and cursory investigation into the Plaintiff's claim of sexual harassment on 6/26/16; against Ms, Lerman for her sexual harassment of the Plaintiff.

## II.    Documents in Plainiff's Possession, Custody or Control that the Plaintiff May Use to Support its Claims or Defenses

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiff is in the process of collecting documents, electronically stored information and tangible things of which it currently has knowledge; that it may use to support its claims or defenses; and that are in its possession, custody or control. The collection of documents, electronically stored information and tangible things by Plaintiff is ongoing, and the Plaintiff reserves the right to supplement and/or amend his Initial Disclosures as to the identification of additional materials:

> To date, the materials collected consist of emails, addendums to corrective actions, recordings, photos, videos and other evidence compiled over  years of employment at UH Geauga Medical Center, all relating to the Plaintiff's exposure to a toxic culture and environment that enabled supervisors and HR managers to harass and denigrate the Plaintiff.

### III.     Computation of Damages

Pursuant to Rule 26(a)(1)(A)(iii), Plaintiff states that the damages it seeks are the EEOC limits of $300,000 for Violation of Title VII, retaliation against a protected activity,  $300,000 for violation of Title I of the ADA against perceived disability, $300,000 for violation of Title I of the ADA for unlawful medical examinations and whatever compensation the court determines is justified to the Plaintiff for infliction of intentional emotional distress (IIED) by the Defendants, all legal fees, and costs as permitted by law and/or order of this Court.

### IV.     Insurance Agreements

None.


Respectfully submitted,


*/s/ Frank Dominic Dundee*
**Frank Dominic Dundee**
**7707 Amberwood Trail**
**Boardman, Ohio 44512**
**330-398-8274**
fdundee@gmail.com