IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | MAGISTRATE JUDGE JONATHAN D. |
| v. | ) | GREENBERG |
| | ) | |
| UNIVERSITY HOSPITALS | ) | **DEFENDANT'S COMBINED BRIEF IN** |
| CORPORATION, et al., | ) | **OPPOSITION TO PLAINTIFF'S MOTION** |
| | ) | **FOR CLASS CERTIFICATION AND** |
| Defendants. | ) | **MOTION TO STRIKE CLASS** |
| | ) | **ALLEGATIONS** |

NOW COMES Defendant University Hospitals Health Systems, Inc. ("UH"), by and through undersigned counsel, and hereby opposes Plaintiff's Motion for Class Certification ("Plaintiff's Motion") and moves the Court to strike all class allegations.[1] Binding Sixth Circuit law prohibits the same person, here *pro se* Plaintiff Frank Dundee ("Dundee"), from serving as a class representative and class counsel. Plaintiff has also failed to comply with Local Rule 23.1 governing class action complaints and in no event can he meet the class action requirements of Federal Rule of Civil Procedure 23(a). For these reasons, Plaintiff's Motion should be denied and the Court should strike his class allegations.

## I. Under Binding Sixth Circuit Precedent *Pro Se* Plaintiff Cannot Represent the Class and the Court Cannot Appoint Class Counsel.

Dundee, a *pro se* plaintiff, cannot serve as class counsel and no procedural mechanism exists for this Court to appoint class counsel. Fed.R.Civ.P. 23(a)(4) requires the class representative to fairly and adequately represent the interest of the class. To this end, the Sixth

[1] Additionally, the Court is requested to rule on the Individual Defendants' Motion to Dismiss [Doc. 5] and UH's Motion for Judgment on the Pleadings [Doc. 6] prior to determining Plaintiff's Motion. *See Greenburg v. Hiner*, 173 F. App'x 367, 368 n.2 (6th Cir. 2006) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 48, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (The "usual and preferred practice" among courts "is to rule on any pending motion to dismiss before addressing class certification.").

Circuit has held that "the roles of class representative and of class attorney cannot be played by the same person." *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976); *accord World, L.L.C. v. Atlas Choice Corp.*, No. 1:15 CV 24, 2015 U.S. Dist. LEXIS 65215, at *6 (N.D. Ohio May 18, 2015). This Court has recently denied class certification, and declined to locate and appoint class counsel, when a *pro se* plaintiff attempted to proceed both as class representative and counsel without proposing a viable alternative class counsel. *See Glazer v. Reimer Law Co.*, N.D. Ohio No. 1:09CV1262, 2019 U.S. Dist. LEXIS 25151, at *9-10 (Feb. 15, 2019) (reasoning that "there is no constitutional right to appointed counsel in a civil case" and plaintiff had not proposed class counsel for the court's consideration under Rule 23(g)).

Here, Dundee simultaneously identifies himself as a *pro se* plaintiff and class representative. [Document 20, PageID #176]. During the October 15, 2019 Case Management Conference, Dundee acknowledged that he cannot perform the dual role of class counsel[2] and class representative. Dundee requests that this Court appoint counsel to represent the putative class. [Document 20, PageID #174]. But, fatal to Plaintiff's Motion, Dundee did not propose any counsel for the Court's consideration under Fed.R.Civ.P. 23(g), and the Court has no procedural mechanism to make such an appointment when no class counsel is proposed. *Glazer*, *supra*, *citing Howard v. Pollard*, 814 F.3d 476, 479 (7th Cir. 2015) (appointing class counsel would have been denied because "the petitioners gave no indication that they had made any effort to retain counsel themselves."). As the *Glazer* Court aptly noted, it is "sound reason to deny class certification because named plaintiffs sought to represent the putative class pro se." *Glazer*, 2019 U.S. Dist. LEXIS 25151, at *10. For these reasons, Plaintiff's Motion should be denied and the Court should strike the class allegations.

[2] Indeed, as a non-attorney, Dundee cannot serve as counsel for any other person let alone a class of people as doing so would violate Ohio R.C. §4705.01.

## II. Plaintiff Has Not Complied With the Requirements of Local Rule 23.1.

Plaintiff's Motion does not comply with Local Rule 23.1 because he failed to file a complaint that includes the necessary allegations to be a Class Action. Plaintiff's Motion does not include Class Action Allegations that set forth sufficient facts to justify a class action, and Dundee failed to identify the type of class to be maintained. *See* L.R. 23.1(b); *Jackshaw Pontiac, Inc. v. Cleveland Press Pub. Co.*, 102 F.R.D. 183, 186-87 (N.D. Ohio 1984) (class action denied for *inter alia* complaint failing to meet requirements of local rules). Here, even if Plaintiff's Motion is considered a pleading, Dundee makes no attempt to allege facts sufficient to create a class under Fed. R. Civ. P. 23(a) or 23(b)(3). Plaintiff's Motion should be denied and the Court should strike the class allegations.

## III. The Mandatory Prerequisites To Class Certification Set Forth In Fed.R.Civ.P. 23(a) Have Not Been Met.

The class action prerequisites in Fed. R. Civ. P. 23(a) have not and can not be satisfied in this case, which is fatal to Plaintiff's Motion. *In re American Medical Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996) ("Subsection (a) of Rule 23 contains four prerequisites which must all be met before a class can be certified"). Fed.R.Civ.P. 23 does not set forth a mere pleading standard; rather, "a party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). In order to maintain a class action under Fed. R. Civ. P. 23(a), Dundee must show that

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims of the representative parties are typical of the claims of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 711 F.3d 675, 683 (6th Cir. 2013). Merely reciting the Rule 23(a) prerequisites while relying solely on the pleadings does not make a putative class. *In re American Medical Sys.*, 75 F.3d at 1079. Here, Plaintiff's Motion fails to meet any of the 23(a) requirements.[3]

**A. The Numerosity Requirement Is Not Met Because the Number of Class Members Is Speculative.**

Plaintiff's Motion fails to meet the numerosity requirement. Fed.R.Civ.P. 23(a)(1) requires the class to be so numerous that joinder of all members is impracticable. In the Sixth Circuit, to meet the numerosity requirement, "impracticality of joinder must be positively shown, and cannot be speculative." *Turnage v. Norfolk S. Corp.*, 307 F. App'x 918, 921 (6th Cir. 2009) (citing *Golden v. City of Columbus,* 404 F.3d 950, 966 (6th Cir. 2005)). In *Turnage*, a train derailed, and a tanker car carrying sulphuric acid leaked, forcing the evacuation of 6047 households in a three-mile radius, of which 1037 were compensated for evacuation-related expenses. The plaintiff filed a class action lawsuit against the railroad seeking recovery for uncompensated evacuees. The court denied class certification because the plaintiff's evidence of numerosity remained speculative. *Id.* at 923. The court reasoned that while the plaintiff cited large numbers, his numbers included not just the members of the proposed class but every resident within the three-mile radius. *Id.*

Here, Plaintiff's Motion alleges that because UH's Employee Assistance Program ("EAP") "has been in place since at least 2003, and since UH has upwards of 27,000 employees" the numerosity requirement must be met. [Doc 20, Page ID #174]. But, just like in *Turnage*, Plaintiff's bald recitation of the large number of employees at UH does not satisfy the numerosity requirement. Plaintiff's allegation includes all UH employees and not, as required,

[3] The "adequacy" requirement has been addressed in Section II *supra.*

just those who utilized or were referred to EAP. Because the Motion does not offer actual or even approximate numbers making up a proposed class, *i.e.*, those employees whose referral to EAP allegedly violated the ADA, Plaintiff's Motion fails to meet the numerosity requirement. *Turnage v. Norfolk S. Corp.*, 307 F. App'x 918, 923; *accord Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1033-1040 (5th Cir. 1981). Plaintiff's Motion should be denied and the Court should strike the class allegations.

**B. The Commonality Requirement Is Not Met Because The Class Members' Prospective Claims Present Individualized Questions.**

Plaintiff's Motion fails to meet the commonality requirement. Fed.R.Civ.P. 23(a)(2) requires questions of law or fact that are common to the class. Central to class certification "is not the raising of common questions—even in droves—but, rather, the capacity of a classwide [sic] proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (citation omitted); *accord Cty. of Summit, Ohio v. Purdue Pharma L.P. (In re Nat'l Prescription Opiate Litig.)*, N.D. Ohio No. 1:17-MD-2804, 2019 U.S. Dist. LEXIS 155118, at *83 (Sept. 11, 2019).

Here, Dundee appears to claim that referral to counseling under UH's EAP policy violates 42 U.S.C. §12112(d)(4)(A) (prohibiting medical examinations and inquiries as to whether an employee is an individual with an actual or perceived disability). [Doc 20, Page ID #173]. Dundee appears to further argue that this would be a common question of law for all UH employees who utilized the EAP program, thereby meeting the commonality requirement under Fed.R.Civ.P. 23(a)(2). However, the question of what constitutes a "medical examination" or a "disability-related inquiry" under §12112(d)(4)(A) remains a fact-intensive inquiry that presents individualized questions, without common answers. *See, e.g.*, *Bates v. Dura Auto. Sys., Inc.*, 767 F.3d 566, 578 (6th Cir. 2014) (observing that medical-examination and disability-related

inquiries are highly fact-dependent). As pertinent to this case, UH employees may end up utilizing EAP through a number of different avenues: voluntarily through a self-referral; through the referral by a manager for a fitness for duty evaluation; for engaging in behavior that endangers the safety of other employees, patients, etc.; for suspected alcohol or drug use; because of on-going attendance issues; as the result of conflictive work relationships; or because their job performance has deteriorated. [Doc. 20-1, PageID #179-181]. Not only would the path for ending up in an EAP counseling session differ, but each employee's experience within EAP would be different, including the number of counseling sessions they attended, the nature and extent of the counseling provided, whether they met with any outside medical providers, etc. The outcomes would also vastly differ, *e.g.,* some employees could be ordered off work temporarily, some could be terminated for failed drug tests, some could be returned to work immediately, etc. And finally, damages, to the extent they would be awarded, would vary vastly as the compensation of UH employees varies widely. Simply put, "the intense factual nature of [Dundee's] claim will prevent h[im] from [establishing] that there is commonality among class members." *Noonan v. Ind. Gaming Co., L.P.*, 217 F.R.D. 392, 396 (E.D. Ky. 2003). As the *Noonan* Court succinctly stated,

> this proposed class does not further the purpose of the commonality requirement in providing a means for saving resources for both the court and the parties and resolve the issue in an economical fashion. *Am. Med. Sys.*, 75 F.3d at 1080. Here, the court would be required to make extensive inquiries into the different medical and employment histories of the [class] members, and would then be forced to compare them all and resolve the case for the entire class. The different circumstances might warrant different damages-or different outcomes-in different cases. In fact, it would probably be more difficult for the court to resolve these claims in a class action.

*Noonan*, 217 F.R.D. at 397. The same reasoning applies here. Because the commonality requirement is not met, Plaintiff's Motion must be denied and the Court should strike the class allegations.

**C. The Typicality Requirement Is Not Met Because The EAP Experience Differs Markedly Among The Proposed Class Members.**

Plaintiff's Motion fails to meet the typicality requirement. Commonality and typicality tend to overlap because both require that "the plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012) (citing *Wal-Mart Stores*, 564 U.S. at 349 n.5)). Just as commonality requires a common answer that would resolve all the claims at once, typicality requires the plaintiff's interests be so aligned with those of the represented group that in pursuing his own claims, the named plaintiff would also advance the interests of the class members. *Id.* (citing *Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. 1998)). In short, "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399.

Here, Dundee challenges UH's EAP policy based on his referral to EAP. As explained above in the commonality section, there can be no "typical" referral to EAP because the way that each employee arrives to EAP could be different, their EAP experiences are different, and the outcomes for each employee are different. As just one example, a finding for Dundee that he was wrongly referred to EAP would not resolve the claims of another employee referred to EAP for suspected substance abuse, or another employee referred for habitual absenteeism. "The near certainty of important factual differences arising between various class members and the distinct possibility of different outcomes for different cases make it impossible for [Dundee] to establish, even with discovery, that h[is] claim is typical." *Noonan*, *supra*, 217 F.R.D. at 397. For these

reasons, Dundee fails to meet the typicality requirement for class certification, Plaintiff's Motion should be denied, and the Court should strike the class allegations.

**IV. Conclusion**

Dundee can not serve as a class representative and *pro se* class counsel. As Dundee failed to put forth a proposed class counsel, and there is no mechanism for this Court to appoint class counsel, Plaintiff's Motion should be denied. Dundee also failed to comply with Local Rule 23.1 and has not met the numerosity, commonality, typicality, or adequacy requirements of Fed.R.Civ.P. 23(a) and each failure on its own it fatal to Plaintiff's Motion. For all these reasons, this Court should deny Plaintiff's Motion and strike the class allegations.

Respectfully submitted,

*/s/ Donald C. Bulea*

Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
dbulea@thinkgk.com
***Counsel for Defendant University Hospitals Health Systems, Inc.***

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2019, a true and correct copy of *Defendant's Brief in Opposition to Plaintiff's Motion for Class Certification and Motion to Strike Class Allegations* was served via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

*/s/ Donald C. Bulea*
Donald C. Bulea (0084158)
***Counsel for Defendant University Hospitals Health Systems, Inc.***