# POLICY & PROCEDURE  University Hospitals

## HR-85 – Employee Assistance Program

### Key Points

- University Hospitals (UH) recognizes that an employee's job performance may be affected by personal concerns. The Employee Assistance (EA) Program is a counseling/referral service that is available to all employees and/or their immediate household members to assist them in receiving appropriate professional care for work-related and personal concerns.

- Employees are encouraged to seek assistance for problems that pose a threat to their health or well being at the earliest possible time.

### Policy & Procedure

1  An employee may schedule an appointment with EA during off-duty time or work-time. An employee's visit to EA during their scheduled work hours will be considered on work time and the supervisor may request a note verifying the time and date that the employee was seen at EA.

2  The employee/household member is responsible for any medical charges not covered by the individual's health care benefits when using outside services recommended by EA.

3  A request for EA services will not jeopardize an employee's job security or employment opportunities. Counseling and/or treatment will not be viewed as a substitute for or a defense to receiving corrective action.

4  Types of Referrals to EA

   4.1 <u>Self-referral</u>: An employee or household member may voluntarily contact Employee Assistance to schedule an appointment. Employees are encouraged to seek assistance for problems that pose a threat to their health or well being at the earliest possible time.

   4.2 <u>Mandatory Referral</u>: The employee's supervisor may require that the employee meet with EA and comply with all EA recommendations. HR should be consulted by the supervisor prior to making a mandatory referral.

   4.2.1 <u>Tier 1 Mandatory Referral</u> - Employees may be mandated to attend EA by their supervisor for the following:

   (1) Fitness for Duty; or

(2) Violent, hostile, or reckless behavior that endangers the safety of employees, visitors, patients or physicians or that causes others to fear for his/her safety; or

(3) Reasonable suspicion of alcohol/drug use including, evidence of drug diversion.

4.2.1.1 When an employee displays any of the above behaviors, all steps of the EA referral should be followed and the employee should be removed from the immediate work area and placed off duty. This decision should be made in consultation with EA and Human Resources. An employee who is placed off duty during a Fitness for Duty evaluation will be compensated for up to 30 working days while the FFD determination is being made. This time will be paid by either the referring department or if the employee is eligible, Short Term Disability. Return to work will be determined after the FFD assessment, including a substance abuse screening if applicable, is completed. Failure to comply with the EA referral within 24 hours will result in corrective action up to, and including, termination of employment.

4.2.1.1.1 The supervisor should contact Human Resources and EA prior to meeting with the employee to discuss the appropriateness of the referral. The supervisor will complete the EA referral form (Attachment A). The EA assessment must occur within one business day after the Tier 1 Mandatory Referral.

4.2.1.1.2 The employee's supervisor is required to be involved in the Tier 1 mandatory referral process (e.g. coordinating, escorting or arranging transportation for an EA intervention).

4.2.1.1.3 When an employee appears under the influence of drugs or alcohol while on the job or the supervisor has a reasonable suspicion of drug/alcohol use that is affecting job performance, UH policy mandates immediate testing at a UH approved site. (Please refer to UH System-wide Policies and Procedures, HR-9, Substance Abuse Policy, for further action)

4.2.1.1.4 The employee's department will be charged for consultant fees e.g. non-UH psychiatric referral or Independent Medical Examiner, if determined to be necessary (Fitness for Duty etc.)

4.2.2 <u>Tier 2 Mandatory Referral -</u> Employees may be mandated to attend EA in circumstances where the supervisor has previously met with the employee due to one or more of the following concerns:
(1) Attendance issues.

- (2) Conflictive work relationship
- (3) Deteriorating job performance

4.2.2.1 The supervisor has counseled the employee, done a corrective action or performance improvement plan and there has been no measurable improvement in job performance. Prior to mandating the EA referral, the supervisor has <u>documented</u> counselings that have demonstrated that the employee is aware of the job performance issue and has had opportunity to correct it.

4.2.2.2 The supervisor should contact Human Resources and EA prior to meeting with the employee to discuss the appropriateness of the referral. The supervisor will complete the EA referral form (Attachment A).

4.2.2.3 The employee must contact EA scheduling, at (216) 844-4948 within 5 business days of a Tier 2 Mandatory Referral to schedule a confidential appointment. Failure to comply with EA referral will result in corrective action up to and including discharge.

4.3 <u>Critical Incident Referral</u>: When employee(s) have been affected by a traumatic event at work or in the community, they may request the opportunity to meet with EA. The request may be initiated by the employee, a supervisor, EA, HR, or senior administration.

5 Confidentiality

5.1 Discussions between the EA counselor and the employee are confidential and protected under Ohio law.

5.2 EA cannot share any verbal or written information about the employee without the employee's prior written authorization.

5.3 The supervisor may only request feedback from EA on attendance.

5.4 The employee will be monitored as determined by the EA counselor or supervisor.

5.5 In a mandatory referral, EA will notify the employee, supervisor and HR of the date the employee is cleared for re-entry into the workplace (Return to Work Authorization form).

5.6 If either the supervisor, EA or HR determines that communication between and/or among them would be helpful in addressing the matter, a release of information signed by the employee is required.

5.7 Employees' EA records are maintained in a secure area and kept separate from personnel files and medical records.

5.8 Information from EA may be shared without a release and authorization in response to state or federal statute/regulation (e.g. Homicidal/suicidal ideation; child and elder abuse/neglect), a court ordered subpoena or an official investigation by a government agency. The employee will be notified if this should occur and an attempt will be made to obtain a release and authorization prior to the disclosure.

**Attachments:**
EA Referral Form

**See Also:**
System Substance Abuse Policy #9

| Approvals | |
|---|---|
| _____<br>Chief Executive Officer | 11/8/13<br>Date |
| _____<br>Chief Human Resource Officer | 11-8-13<br>Date |

# ATTACHMENT A

UNIVERSITY HOSPITALS HEALTH SYSTEM
EMPLOYEE ASSISTANCE PROGRAM
REFERRAL FORM

Employee:_____ Position:_____ Date:_____ Phone:_____

You are being referred to the EMPLOYEE ASSISTANCE PROGRAM (EAP) because of the concerns noted below. EAP services are confidential, in compliance with the law. Your supervisor will be told only whether you kept the appointment, and whether you complied with the EAP recommendations. Your supervisor will not be told what was discussed unless you specifically authorize it and sign a release of information specifying the information to be released. Information from EA may be shared without a release and authorization in response to state or federal statute/regulation (e.g. Homicidal/suicidal ideation; child and elder abuse/neglect), a court ordered subpoena or an official investigation by a government agency.

- ☐ A Tier 1 Mandatory Referral has been made to EAP for the following reason:
    - ☐ Fitness for Duty
    - ☐ Violent, hostile, or reckless behavior that endangers the safety of others or that causes others to fear for their safety
    - ☐ Reasonable suspicion of drug/alcohol use including evidence of drug diversion.

**Please phone EAP at 216-844-4948 to confirm your scheduled appointment on _____.**

********************************************************************************

- ☐ A Tier 2 Mandatory Referral has been made to EAP for the following job performance concern(s):
    - ☐ Attendance issues
    - ☐ Conflictive work relationship
    - ☐ Deteriorating job performance
    - ☐ Other _____

********************************************************************************

**Please phone EAP at 216-844-4948 within 5 business days of today's date, to schedule an appointment.**

Explanation of counseling, anecdotal, corrective actions or other concerns relative to the above-checked concerns:

My supervisor has explained the reason for this EAP referral. I understand that my supervisor will be notified whether I keep my appointment and whether I comply with the EAP recommendations. I have been given a copy of this form.

Employee Signature:_____Date:_____

Supervisor Signature: _____Dept:_____Phone:_____

EAP Counselor Signature:_____Date:_____

☐ Employee attended EAP session         ☐ Employee did not attend EAP session

☐ Employee complied                     ☐ Employee did not comply



Frank Dundee <fdundee@gmail.com>

## This really happened

**Frank Dundee** <fdundee@gmail.com>  Wed, Jan 10, 2018 at 12:32 PM
To: "Harmon, Heather (HR)" <heather.harmon@uhhospitals.org>

Hi Heather,

    As you are aware, I had a mandatory EAP session scheduled this morning at 8:00 am with Jill Fulton in the HR offices at Geauga. As I was coming down the hallway to HR, Ms. Fulton was coming towards me. She said the doors to HR were locked. She asked me to wait near the HR offices while she tried to find someone to unlock the doors. After several minutes Ms. Fulton returned and said protective services would be here shortly to open the doors. Then, almost under her breath, she asked me a question which I didn't understand. She was using some acronyms in a low voice. I asked her to repeat what she said, and I told her that I was sorry, but I didn't understand what she was saying.

    At that point she dropped the acronyms and **said that maybe I might want to scurry around the corner and hide before protective services arrived as I might be embarrassed because they would know that I there to attend an EAP session.**

    I was at a loss as to what to say. **Run around the corner and hide so as not to be stigmatized? This was the suggestion from the head of the EAP?** I was stunned.

    Here I am, under the threat of termination, forced to attend an EAP session, **in direct violation of the ADA, and the head of the program readily admits that the EAP session is an affront to my dignity.** I don't know how much deeper UH can dig a hole?

    Did you know that Ms. Fulton was completely unaware of the liability involved regarding the ADA when an employer mandates employee attendance to the EAP? She's the head of the program. The court rulings and legal opinions are all over Google. The warnings are on all the HR sites. No one attends any seminars on the liability? Legal never put out a bulletin on the subject? Ms. Fulton seemed honest in her surprise when I gave her some articles.

    Heather, our session in December is the only fully cogent meeting that I have ever had with a member of UH management, HR, Compliance and now the EAP.

Frank Dundee

**follow-up**

Riccardi, David

**Sent:** Monday, September 23, 2019 9:30 AM

Hope all is well. I wanted to follow-up with you on the counseling referral we had talked about. Have you set anything up? I will need to know that you have an appointment made by this Wednesday 9/25 12pm. I have not heard back from your PCP. If you need assistance with making this referral please let me know. I will need to inform your manager and HR on Wednesday 9/25 if you have not set up an appointment. This would be considered noncompliance with EAP and you could be subject to further disciplinary action.