IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19CV01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | MAGISTRATE JUDGE JONATHAN D. |
| v. | ) | GREENBERG |
| | ) | |
| UNIVERSITY HOSPITALS | ) | **DEFENDANT'S REPLY IN SUPPORT OF** |
| CORPORATION, et al., | ) | **MOTION TO STRIKE CLASS** |
| | ) | **ALLEGATIONS** |
| Defendants. | ) | |

Plaintiff Frank Dundee's ("Dundee") Response (Doc. # 25) failed to address the case law cited by Defendant University Hospitals Health Systems, Inc. ("UH") in their Motion to Strike the Class Allegations (Doc. # 24). Further, Dundee failed to demonstrate that the exceptional circumstances required for appointment of counsel exist in this case. Dundee's Motion for Class Certification should be denied and the Court should strike his class allegations.

## I. Dundee Is Not Entitled To Appointment of Counsel In This Civil Case.

Dundee admits that he cannot serve as class counsel. This admission is consistent with Sixth Circuit law holding that "non-attorneys proceeding *pro se* cannot adequately represent a class." *Ziegler v. Michigan,* 90 Fed. Appx. 808, 810 (6th Cir.2004); *accord Palasty v. Hawk,* 15 Fed. Appx. 197, 200 (6th Cir.2001).

Dundee has not pointed this Court to any counsel who would serve as class counsel. Dundee is apparently relying on this Court to locate counsel for him and the putative class. But, *pro se* litigants in civil matters do not have a constitutional right to appointment of counsel. *See, e.g.*, *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). Further, "Federal Rule of Civil Procedure 23(g)(2) does not require the appointment of counsel when a *pro se* plaintiff moves for class certification." *Blosser v. Land*, No. 2:07-CV-11781, 2008 WL 795748 (E.D. Mich. Mar.

1

25, 2008); *see also Glazer v. Reimer Law Co.,* No. 1:09CV1262, 2019 WL 651599, *3 (N.D. Ohio Feb. 15, 2019) ("the purpose of Rule 23(g) is not to enable *pro se* plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate.") (internal citations omitted).

To that end, "the Court cannot compel counsel to represent any civil party." *Blosser*, *supra,* 2008 WL 795748; *see also Mallard v. United States Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 301–02, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). In the Sixth Circuit, requesting appointment of counsel in civil cases is reserved for "exceptional circumstances." *Lavado*, 992 F.2d at 606. The Sixth Circuit has further advised that "district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

In this case, Dundee has failed to demonstrate the inability to pay legal fees and has not provided the Court with any information about his attempts to retain counsel. Accordingly, Dundee's request for counsel to be appointed must be denied. *See Wieck v. Bd. of Trustees of The Kentucky Teachers' Ret. Sys. (KTRS)*, No. 3:15-CV-692-DJH-CHL, 2015 WL 6453537 (W.D. Ky. Oct. 23, 2015) (holding no circumstances exist that would support appointment of counsel to represent plaintiffs in civil action). As there is no class counsel for the Court to appoint, Dundee failed to satisfy the adequacy of representation requirement of Rule 23(a)(4), and he cannot maintain a class action. *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2012 WL 1230553 (E.D. Mich. Jan. 31, 2012), adopted, No. 2:10-CV-11242, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

## II.     Dundee Failed To Meet The Remaining Requirements of Rule 23.

Dundee's Response does not respond in any substantive way to UH's arguments about his failure to meet the numerosity, commonality, or typicality requirements of Rule 23 or the case law cited in support by UH.  Rather, Dundee just repeated the same unsupported arguments made in his Motion. The same issues that were present in *Turnage v. Norfolk S. Corp.*, 307 F. App'x 918, 921 (6th Cir. 2009) and *Noonan v. Ind. Gaming Co., L.P.*, 217 F.R.D. 392, 396 (E.D. Ky. 2003), cases which Dundee failed to address, remain in this case.  Accordingly, the Court should strike Dundee's class allegations.

## III.    An Employee Referral to EAP Does Not Violate The ADA.

Dundee's Response appears to assume, without any legal support, that any employees' involuntary referral to UH's employee assistance program ("EAP") violates the ADA.  This is an incorrect statement of law.  The Sixth Circuit has expressly held that an "employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled." *Johnson v. University Hospitals Physician Services*, 617 Fed. Appx. 487, 490–91 (6th Cir. 2015)  The Sixth Circuit also made clear that health or behavior problems which affect an employee's performance of essential job functions justify an employer's ordering of an examination "even if the examination might disclose whether the employee is disabled or the extent of any disability." *Sullivan v. River Valley Sch. Dist*., 197 F.3d 804, 813 (6th Cir. 1999). Further, under Sixth Circuit law, an employer can require compliance with the examination as a condition of returning to work. *See Pena v. City of Flushing*, 651 Fed Appx 415, 422 (6th Cir. 2016).  Moreover, Courts have found that, like in this case, a referral to EAP due to conflictive work relationships does not violate the ADA. *See e.g., Jenkins v. Med. Labs. of E. Iowa, Inc.*, 880 F. Supp. 2d 946 (N.D. Iowa 2012), aff'd, 505 F. App'x 610 (8th Cir.

2013) ("the required EAP counseling was dispute resolution counseling intended to understand and resolve the personality conflicts occurring … This type of counseling does not fall under the ADA's prohibition on medical examinations and inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability.").

### III.    The Balancing Test Established by *Mathews v. Eldridge* Is Inapposite.

The only case law cited by Dundee does not apply to in this case or to Dundee's situation. In *Mathews v. Eldridge,* 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) the Supreme Court developed a three-part balancing test for lower courts to apply when determining whether or not an individual has received due process during administrative proceedings.  This test has no application to Dundee's claims, or the putative class member's claims, in this case.

### V.    Conclusion.

Dundee failed to propose class counsel and the Court has no ability to require counsel to represent Dundee, or the putative class, in this civil action. Dundee has not addressed the binding and persuasive case law cited by UH that require the class allegations be stricken. Dundee's blanket assertion that all involuntary referrals to EAP violate the ADA is not supported and is an incorrect statement of law.  The Court should strike Dundee's class allegations.

Respectfully submitted,

*/s/ Donald C. Bulea*
Kerin Lyn Kaminski (00013522)
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone:  216-621-5161
Facsimile:  216-621-2399
E-mail:    kkaminski@thinkgk.com
           dbulea@thinkgk.com
*Counsel for Defendant  University Hospitals Health Systems, Inc.*

4

## **CERTIFICATE OF SERVICE**

I certify that on November 5, 2019, a true and correct copy of *Defendant's Reply in Support of Motion to Strike Class Allegations* was served via Regular U.S. Mail, postage prepaid, upon the following Parties:

> Frank Dominic Dundee
> 7707 Amberwood Trail
> Boardman, Ohio 44512
> ***Pro Se Plaintiff***

/s/ Donald C. Bulea
Donald C. Bulea (0084158)
***Counsel for Defendant University Hospitals Health Systems, Inc.***

5