# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19-cv-01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| UNIVERSITY HOSPITALS CORP, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R"), **Doc #: 28**. The Magistrate Judge recommends that Defendants Danialle Lynce, Jason Glowczewksi, Shawn Osbourne, and Rachel Lerman's (collectively "Individual Defendants") Motion to Dismiss, **Doc #: 5**, be granted and that Defendant University Hospitals Health Systems, Inc.'s Motion for Judgement on the Pleadings, **Doc #: 6**, be granted in part and denied in part.

Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added). In this case, the R&R was issued on December 3, 2019.

It is now December 26, 2019, and no party has filed a written objection to the R&R. The failure to timely file written objections to an R&R constitutes a waiver of a *de novo* review by the district court of any issues covered in the R&R. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Despite the lack of objections, the Court has reviewed the Magistrate Judge's thorough, well-written R&R. Regarding the Individual Defendant's Motion to Dismiss, the Court agrees with the Magistrate Judge's conclusion that Title VII and the ADA do not provide a basis for individual liability. Thus, the Court **GRANTS** the Individual Defendants' Motion to Dismiss, **Doc #: 5**. Accordingly, Plaintiff Frank Dundee's claims against the Individual Defendants are **DISMISSED**.

Regarding Defendant University Hospitals Health System, Inc.'s Motion for Judgement on the Pleadings, the Court agrees with the Magistrate Judge's conclusion that Dundee's claims are not time-barred under the 90-day rule. The Court further agrees that Dundee's claims are not continuing violations, and so Dundee is time-barred from bringing any claims based on acts that occurred more than 300 days prior to his filing a charge of discrimination with the EEOC. However, the Magistrate Judge mistakenly determined that Dundee's claimed based on events occurring prior to October 3, 2016 (300 days before July 30, 2017) should be dismissed. Dundee filed his first charge of discrimination with the EEOC on July 10, 2017. Doc #: 1-1 at 13; Doc # 6 at 2. 300 days before July 10, 2017 is September 13, 2016. Thus, Dundee's claims based on events occurring prior to September 13, 2016 are time-barred.

Accordingly, University Hospital Health System, Inc.'s Motion for Judgement on the Pleadings, **Doc: # 28**, is **GRANTED IN PART** and **DENIED IN PART**. Dundee's claims based on events occurring prior to September 13, 2016 are **DISMISSED**, while his claims based

on events happening after that date can move forward.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster    December 26, 2019*
**Dan Aaron Polster**
**United States District Judge**