


Frank Dundee <fdundee@gmail.com>

## Danialle Lynce

**Frank Dundee** <fdundee@gmail.com>     Tue, Jun 28, 2016 at 9:57 PM
To: "Besselman, Rebecca L" <Rebecca.Besselman@uhhospitals.org>

Dear Ms. Besselman,

I apologize for emailing from home. I took today off and I don't have access to UH email from my home. I just have a last thought on the investigation of my sexual harassment complaint. There is no need to reply to this gmail address.

The day that I had my appeal hearing in the HR office, Thursday, 6/23/2016, at 0800, I asked a co-worker, Mary Williams, to come as a witness. I was going to ask her two questions that would have taken about a minute of time. There was a knock on the door when Mary arrived, the door opened, Marry appeared, and then so did another person. Although she was not involved in **OUR** hearing, Ms. Danialle Lynce stepped in front of Mary, blocking her from entering, as if shot out of a cannon. Ms. Lynce then proceeded to recite policy, verbatim, prohibiting Ms. Williams from attending. This was especially odd since YOU were in charge of OUR meeting, not Ms. Lynce.

The picture of Ms. Lynce acting in such an urgent manner to prevent Mary Williams from entering, has stayed in my mind since that day and prompted my email. From what I've been told by colleagues, and others, Ms. Lynce and the person of interest in the investigation, are close, maybe even friends. For that reason, I feel that Ms. Lynce should not be involved, in any way, in the investigation. In looking back, in Fall, 2013, at when the harassment began in earnest, I included Ms. Lynce is a complaint that I made to the EEOC, as part of my complaint. **She should recuse herself from the investigation. In fact, in the issue of fairness and objectivity, maybe everyone at UH Geauga, in administration, HR or Compliance, should be excluded and an independent investigator should be in charge.**

In addition, if my complaint of sexual harassment does not get resolved, in-house, and gets referred to the EEOC or the courts, Ms. Lynce will be on a list of people to be deposed and asked for cell phone records. UH investigators may want to do the same, in their investigation, now.

I know that I'm breaking my requested black-out to let my nerves settle, but I thought it important to contact you by this exception. I would still ask you to honor my request. I am still deeply troubled by all of this. This email is an example of how it never leaves my mind. I thank you for your consideration.

Frank Dundee