

Frank Dundee <fdundee@gmail.com>

## Follow-up to "Ethics Complaint" email

**Frank Dundee** <fdundee@gmail.com>
To: "Henoch, Wendy B" <Wendy.Henoch@uhhospitals.org>

Sun, Jul 30, 2017 at 12:13 PM

Hi Ms. Henoch,

The unethical use of the mandatory EAP and psychiatric examination in my corrective action has most likely crossed a line under the Americans With Disabilities Act. This mandatory "counseling" requirement amounts to a medical exam under the ADA. **University Hospitals is obliged to prove that sending me to undergo counseling** (for using the age-inappropriate phrases, "you're a good kid", "a nice boy" and "he's a pup", in an email discussing the implementation of cost-saving suggestions with an HR representative, suggestions that would BENEFIT UH) **is both related to my job and consistent with UH business needs.**

The courts have offered guidance in this area:

1. Employers should weigh the legal risks before sending an employee to counseling. Generally, an employer who focuses on the employee's conduct is on safer legal grounds than an employer who tries to speculate on the cause of such conduct.

2. Requiring an employee to obtain counseling imposes a legal burden that employers can avoid by merely making all employees aware that EAP or other counseling resources are available should an employee determine that he or she needs counseling.

3. An employer's best intentions will carry little to no weight in determining whether sending an employee for counseling amounts to a medical exam under the ADA. Even if the employer has no interest in obtaining a diagnosis of a mental health condition, courts are now likely to view any type of psychological or emotional counseling as a medical exam for purposes of the ADA.

4. Employers must have their "ducks in a row" to make sure any required counseling is job-related and consistent with business necessity. Generally, employers should have sound and documented justification that explains why a medical exam is needed for an employee to perform his or her job. Thus, any decision to send out an employee for counseling now must be carefully scrutinized.

Ms. Lerman and Ms. Lynce have tried mightily for years to create a narrative that falsely labels me with characteristics that have no bearing in how I conduct myself as a staff pharmacist in the workplace. My only fault is looking out for the best interests of my employer and speaking truth to power to management in an effort to save money and improve patient care. I am the best example of a UH employee, as my co-workers, in and out of the pharmacy department, will attest.

What the Compliance Department should be investigating is why Ms. Lerman and Ms. Lynce have continued to create this false narrative and now weaponize the EAP to further their efforts. Their behavior is not in the best interests of UH.

Frank Dundee R.Ph.