IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:19cv01141 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| UNIVERSITY HOSPITALS CORP, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | (Related Doc. Nos. 20, 24, 25, 26) |

This case is before the Court upon a referral for general pretrial supervision, dated July 23, 2019. (Doc. No. 8.) Currently pending is Plaintiff Frank Dominic Dundee's Motion to Certify Class, filed October 7, 2019. (Doc. No. 20.) Defendant filed a Brief in Opposition and Motion to Strike Class Allegations on October 21, 2019; Plaintiff filed a Response on October 29, 2019; and Defendant filed a Reply in Support of the Motion to Strike Class Allegations on November 11, 2019. (Doc. Nos. 24, 25, 26.)

For the following reasons, the Court recommends that Plaintiff's Motion to Certify Class be DENIED, and Defendant's Motion to Strike Class Allegations be GRANTED.

**I. Procedural Background**

On May 20, 2019, Plaintiff Frank Dominic Dundee ("Plaintiff" or "Dundee") filed a *pro se* Complaint in this Court against Defendants Danialle Lynce, Jason Glowczewski, Shawn Osbourne,

and Rachael Lerman (the "Individual Defendants"), and Defendant University Hospitals Health Systems, Inc. ("UH," or "Defendant") alleging retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a); and medical exams and disability discrimination and harassment in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e-2(a). (Doc. No. 1.)

Defendants jointly filed an Answer on July 19, 2019. (Doc. No. 4.) On the same day, the Individual Defendants also filed a Motion to Dismiss for Failure to State a Claim and Defendant UH also filed a Motion for Judgment on the Pleadings. (Doc. Nos. 5 & 6.) The Motion to Dismiss the claims against the Individual Defendants was granted on December 26, 2019, and the case proceeds against Defendant University Hospital Health Systems. (Doc. No. 29.)

## II. Factual Allegations

The Complaint contains the following factual allegations[1]:

On August 4, 2016, during his evening shift as a staff pharmacist at UH Geauga Medical Center, Dundee received a call from his regional supervisor, Jason Glowczewski, asking him to attend a meeting the following morning at 7:00 a.m. at the HR offices. (Doc. No. 1 at 5.)

At the August 5, 2016 meeting, Dundee was provided with examples of inappropriate language in documents he had "written as attachments to disciplines and substandard performance reviews," and told he would be fired if he ever expressed such sentiments in the future. (*Id.* at 6.)

On June 26, 2017, Dundee returned to work after a week-long vacation, and was immediately called to a corrective-action hearing by Ms. Lynce. (*Id.* at 9.) Dundee reported to the HR office, and

---

[1] In this report, the Court sets forth the factual allegations relevant to this motion in sequential order.

found Ms. Lynce, Ms. Lerman, and a UH security guard waiting for him. (*Id.* at 10.) Ms. Lynce and Ms. Lerman informed Dundee that he was receiving a "final step warning" because he had violated UH policies on diversity and contributed to a "Conflictive Work Relationship." (*Id.* at 10-11.) The violations were based on the phrases "you're a good kid," "He's a pup with practically no experience," and "A nice boy, but," which he used in emails addressed to Ms. Besselman. (*Id.* at 11.) Dundee was informed that he would have to attend counseling sessions with the UH Employee Assistance Program ("EAP") in order to keep his job. (*Id.* at 13.)

On July 26, 2019, Dundee attended his first required EAP counseling session with David Riccardi at the UH Ahuja Medical Center. (*Id.*) Mr. Riccardi told Dundee that he would be required to participate in future counseling sessions and also participate in a 3-hour psychiatric exam. (*Id.* at 14.)

Dundee asked the UH Compliance Department if his participation in EAP counseling could be suspended until the EEOC ruled on whether it was a violation of Title I of the ADA, as Dundee asserted. (*Id.* at 15.) He did not receive a reply to this request. (*Id.*)

Dundee did not attend any further EAP counseling sessions or the psychiatric exam. (*Id.* at 16.)

On November 22, 2017, Dundee received a letter in the mail from Shawn Osborne, VP of Pharmacy Services, stating that Dundee had until December 7, 2017, to meet with the head of EAP for a counseling session. (*Id.*) Dundee responded to Mr. Osborne via email, and also scheduled the mandated counseling session. (*Id.* at 16-17.)

On January 10, 2018, Dundee attended an EAP counseling session with Jill Fulton at UH Geauga Medical Center. (*Id.* at 18.) At the conclusion of their meeting, she asked him to schedule another session, and he declined, explaining that he believed these sessions violated Title I of the

ADA. (*Id.*)

On April 14, 2018, Dundee filed a complaint with the Ohio Civil Rights Commission ("OCRC") claiming that the January 10 counseling session violated Title I of the ADA. (*Id.*, Doc. No. 6 at 4.)

### III. Standard of Review

Federal Rule of Civil Procedure 23 governs class actions. Rule 23(a) provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

1) The class is so numerous that joinder of all members is impractical;

2) there are questions of law or fact common to the class;

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The Sixth Circuit explains that: "[a]lthough Rule 23(a)(2) refers to common questions of law or fact, in the plural, there need only be one question common to the class though that question must be a common issue the resolution of which will advance the litigation. Ultimately, the class may only be certified if, 'after a rigorous analysis,' the district court is satisfied that these prerequisites have been met. The burden is on the plaintiff 'to establish his right' to class certification." *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003) (citations omitted).

Federal Rule of Civil Procedure 12(f) reads, "the court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The Sixth Circuit has explained that "[a] Rule 12(f) motion is designed 'to avoid the expenditure of time and

money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Kennedy v. Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986). While, in general, motions to strike are disfavored, "the resolution of such motions is reserved to the sound discretion of the trial court." *Wausau Benefits v. Progressive Ins. Co.*, 270 F. Supp. 2d 980 (S.D. Ohio 2003). "In class actions, the Sixth Circuit has held that when discovery cannot cure the central defect in the class claim, class allegations may be stricken from the complaint." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Glazer v. Reimer Law Co.*, No. 1:09CV1262, 2019 WL 651599, at *2 (N.D. Ohio Feb. 15, 2019)*; World, L.L.C v. Atlas Choice Corp.*, No. 1:15 CV 24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015).

### IV. Analysis

Plaintiff, proceeding *pro se*, has asked the Court to certify a class action against Defendant University Hospital's Health System for violations of Title I of the ADA. (Doc. No. 20 at 2.) He alleges that Defendant's policy of mandatory referrals to EAP counseling violates Title I of the ADA, and proposes a class comprised of all individuals "subjected to the Defendant's policy of mandatory medical examinations."[2] (*Id.* at 3.)

Defendant responded by pointing out that a *pro se* plaintiff cannot represent a class, and there is no procedural mechanism for the Court to appoint class counsel where none has been proposed. (Doc. No. 24 at 2.) Further, Defendant alleges Plaintiff failed to comply with Local Rule 23.1, which

---

[2] It is not clear from Plaintiff's Motion whether he intends to propose a class comprised of all employees covered by the handbook containing this policy, or restrict the class to those who have actually been referred for mandatory counseling under section 4.2 of the UH Policy and Procedure handbook. However, based on his assertion that the class would comprise "hundreds or more," and the fact that Plaintiff alleges that Defendant currently has 28,000 employees, the undersigned assumes the proposed class is restricted to those employees who have been referred for counseling. (Doc. No. 20 at 1, 3.)

governs the pleading of a motion for class certification, and failed to demonstrate that the prerequisites for certifying a class have been met. (*Id.* at 3.)

### A.    A *Pro Se* Plaintiff Cannot Represent the Class, and the Court Cannot appoint Class Counsel

It is long-established in this Circuit that a plaintiff cannot also serve as class counsel, even when the plaintiff is an attorney. The Sixth Circuit addressed this issue squarely, and held that "the roles of class representative and of class attorney cannot be played by the same person." *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976). In *Turoff*, four named plaintiffs sought to represent a class of similarly-situated May Co. charge account customers accusing the company of usury. *Id.* Of the four named plaintiffs, three were attorneys at the law firm of counsel and one was the wife of one of the attorneys. *Id*. The court pointed out that:

> Rule 23(a)(4) of the Federal Rules of Civil Procedure provides that a representative party must 'fairly and adequately protect the interests of the class.' For the same individual to attempt representation of the class as plaintiff and as counsel presents an inherent conflict of interests. Because the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class herein, the financial interests of the named plaintiffs and of the class are not coextensive. If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person.

*Turoff*, 531 F.2d at 1360 (citations omitted).

The Sixth Circuit upheld the district court's denial of class certification in *Turoff*. *Id*. Following that precedent, courts in this district have granted motions to strike class allegations where named plaintiffs also sought to represent the putative class. *See, e.g., Glazer v. Reimer Law* Co., No. 1:09CV1262, 2019 WL 651599, at *3 (N.D. Ohio Feb. 15, 2019); *World, L.L.C v. Atlas Choice Corp.*, No. 1:15 CV 24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015). The case at hand is

even more troubling because the *pro se* plaintiff is not an attorney. Sixth Circuit precedent makes clear that "non-attorneys proceeding *pro se* cannot adequately represent a class." *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004); *accord Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). Under Ohio Rev. Code § 4705.01, only a licensed attorney may file pleadings on behalf of another party in court. *State ex rel. Army of Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 126 N.E.3d 1113, 1114 (Ohio 2019). A complaint filed by a non-attorney in violation of Ohio Rev. Code § 4705.01 should be dismissed without prejudice. *Id.*

Plaintiff acknowledges this problem and asks the Court to remedy it by appointing counsel for him. (Doc. No. 20 at 5.) As an initial matter, there is "no constitutional right to appointed counsel in a civil case." *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The fact that a plaintiff makes class allegations does not alter that reality. *Blosser v. Land*, No. 2:07-CV-11781, 2008 WL 795748 (E.D. Mich. Mar. 25, 2008) ("Federal Rule of Civil Procedure 23(g)(2) does not require the appointment of counsel when a *pro se* plaintiff moves for class certification.").

It is true that courts can appoint counsel in exceptional circumstances, but those have not been pled here. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (requesting appointment of counsel in civil cases is reserved for "exceptional circumstances."). The Sixth Circuit advises "district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir. 1985). In this case, Plaintiff has not suggested he lacks the financial resources to hire counsel, there is no proposed counsel for the court to consider, Plaintiff does not represent that he has made any effort to obtain

counsel, and, as discussed *infra*, the class allegations do not appear to have merit. *See Howard v. Pollard*, 814 F.3d 476, 479 (7th Cir. Dec. 29, 2015) (Appointing class counsel would have been denied because "the petitioners gave no indication that they had made any effort to retain counsel themselves.")

Since Plaintiff cannot represent the class, there is no proposed counsel, and there are no grounds for counsel to be appointed, the class allegations in this case cannot proceed. Without counsel, Plaintiff cannot satisfy the adequacy of representation requirement set forth in Federal Rule of Civil Procedure 23(a)(4). This defect cannot be remedied by further discovery, and, under Sixth Circuit precedent, where "discovery cannot cure the central defect in the class claim, class allegations may be stricken from the complaint." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

### B. Mandatory Prerequisites to Class Certification Have Not Been Met

Even if Plaintiff was able to satisfy the requirement for adequacy of representation, the pleadings in this case do not meet the requirements of Local Rule 23.1 or sufficiently set forth the other three necessary elements of a class action: numerosity, commonality, and typicality.

#### i. Numerosity

As discussed *supra,* it is not clear who Plaintiff intends to include in his designated class. He proposes a class comprised of all individuals "subjected to the Defendant's policy of mandatory medical examinations." (Doc. No. 20 at 1.) Presumably, all employees covered by the Policies and Procedures handbook are "subjected" to this policy, although the number of employees who have actually been referred for examinations under section 4.2, the allegedly illegal mandatory referral policy, is unknown. Plaintiff asserts that the class would comprise "hundreds or more," and alleges

-8-

that Defendant currently has more than 27,000 employees, so the undersigned assumes the proposed class is restricted to those employees who have been referred for EAP counseling. (Doc. No. 20 at 1, 3.)

The Sixth Circuit has explained that plaintiffs cannot satisfy the numerosity requirement in Federal Rule of Civil Procedure 23(a)(1) by citing numbers that combine potential class members with others who have suffered no injury. *Turnage v. Norfolk S. Corp.*, 307 F. App'x 918, 921-22 (6th Cir. 2009). In *Turnage*, the Circuit explained that a plaintiff cannot rely on "numbers [which] necessarily encompass a larger group than [plaintiff] claims to represent" and must present "concrete evidence of numerosity." *Turnage v. Norfolk S. Corp.*, 307 F. App'x 918, 921 (6th Cir. 2009). Here, Plaintiff does not even offer speculation regarding the number of class members. Instead, he states that because the policy has been in place ""since at least 2003," and "UH has upwards of 27,000 employees, numerosity is met by the Plaintiff's claims." (Doc. No. 20 at 5.) As the Sixth Circuit held in *Turnage*, the failure to offer "some evidence of the size either of the excluded group or of the remaining class" makes this number impermissibly speculative. *Turnage v. Norfolk S. Corp.,* 307 F. App'x at 922.

### ii. Commonality and Typicality

Plaintiff asserts that because all claims in the proposed class allege a violation of 42 U.S.C. § 2000e-2(a), the commonality requirement is satisfied. (Doc. No. 20 at 6.) He states that because "the UH policies and procedures in question apply the same harmful practice to all employees," the typicality requirement is also met. (*Id.*)

Defendant asserts that the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a)(2) and (3) also cannot be met here because "the question of what constitutes a

'medical examination' or a 'disability-related inquiry' under §12112(d)(4)(A) remains a fact-intensive inquiry that presents individualized questions, without common answers." (Doc. No. 24 at 5.) UH points to Sixth Circuit precedent which explains that because the ADA leaves the terms "medical examination" and "disability inquiry" undefined, determining a violation of this section requires a "fact-sensitive inquiry." *Bates v. Dura Auto. Sys., Inc.*, 767 F.3d 566, 574, 578 (6th Cir. 2014).

Section 4.2 of the UH Policies and Procedure handbook, which Plaintiff provided as an exhibit, sets forth three types of mandatory referrals, and Plaintiff does not distinguish between these in his filings. (Doc. No. 20-1 at 1-3.) Plaintiff does not dispute Defendant's assertion that:

> employees may end up utilizing EAP through a number of different avenues: . . . for engaging in behavior that endangers the safety of other employees, patients, etc.; for suspected alcohol or drug use; because of on-going attendance issues; as the result of conflictive work relationships; or because their job performance has deteriorated.[3]

(Doc. No. 24 at 6.) Instead, he relies on an argument that the policy is illegal on its face, no matter how it is applied.

The law in this Circuit makes clear that determining whether a referral to psychological counseling violates of 42 U.S.C. § 2000e-2(a) requires a fact-intensive analysis because "the employer's purpose must be considered in the larger factual context of a particular test or assessment's typical uses and purposes." *Kroll v. White Lake Ambulance Auth*., 691 F.3d 809, 816 (6th Cir. 2012). In *Sullivan v. River Valley School District*, the Sixth Circuit held that an "employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled." *Sullivan v. River Valley Sch. Dist.*, 197

---

[3] All of these issues can lead to mandatory referrals under the UH Policy and Procedure Handbook, section 4.2. (Doc. No. 20-1 at 3-4.)

F.3d 804, 813 (6th Cir. 1999). The *Sullivan* court explained an employer's request that an employee undergo a medical exam "may signal that an employee's job performance is suffering, but that cannot itself prove a perception of a disability because it [alone] does not prove that the employer perceives the employee to have an impairment that substantially limits one or more of the employee's major life activities." *Id.* at 811. *See also Johnson v. Univ. Hosp. Physician Servs.*, 617 F. App'x 487, 490–91 (6th Cir. 2015) (holding referral for a fitness-for-duty evaluation did not show employer considered employee disabled where the reasons for referral are directly related to the ability to do the job); *Pena v. City of Flushing*, 651 F. App'x 415, 422 (6th Cir. 2016) (holding an employer can require compliance with the examination as a condition of returning to work.) Given the fact-intensive nature of this analysis, it would be difficult to demonstrate the commonality and typicality of class member required by Federal Rules of Civil Procedure 23(a)(2) and (3) even if the class was defined with specificity. Given the inchoate nature of the class proposed here, it is impossible.

For the reasons set forth above, the elements of Federal Rule of Civil Procedure 23(a) cannot be satisfied in this case. Although the Court has liberally interpreted Plaintiff's other pleadings in light of his status as a *pro se* litigant,[4] it cannot do so here, because *pro se* plaintiffs are barred from representing a class. Further, when raising class allegations, "[t]he burden is on the plaintiff 'to establish his right' to class certification." *Alkire*, 330 F.3d at 820 (6th Cir. 2003) (citations omitted).

## V. Conclusion

For all of the foregoing reasons, the Court recommends that Plaintiff's Motion to Certify Class

---

[4] A document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *citing* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

be DENIED, and Defendant's Motion to Strike Class Allegations be GRANTED.


Date: January 17, 2020                    s/ *Jonathan D. Greenberg*
                                          Jonathan D. Greenberg
                                          United States Magistrate Judge


**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986)**.