FILED

JAN 24 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

IN THE UNITED STATES
DISTRICT COURT NORTHERN
DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK DOMINIC DUNDEE, | CASE NO. 1:19cv01141 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| UNIVERSITY HOSPITALS CORPORATION, et al., | **OBJECTION TO REPORT & RECOMMENDATION** |
| Defendants. | |

This case before the Court upon referral for general pretrial supervision, dated July 23, 2019. (Doc. No.8.) Currently pending is Plaintiff Frank Dominic Dundee's Motion to Certify Class Allegations on October 21, 2109. For the following reasons, Pro Se Litigant, Dundee, respectfully asks the Court to reject the Report and Recommendation of His Honor, Magistrate Judge Jonathan D. Greenberg, and to consider the Litigant's Motion to Certify Class under the Mathews v. Eldridge Balancing Test, as proposed in the Litigant's Response to the Defendant's Brief in Opposition and Motion to Strike Class Allegations on October 29, 2019. (Doc. No. 25)

**THE AVAILABILITY HEURISTIC, KAHNEMAN, MARLEY'S GHOST, ALI AND CLEMENTE**

The Pro Se Litigant has 44 years' experience working in the medical field. It is an environment of science and mathematics, not opinion. If the Court has noticed, the Litigant often uses the phrase, "with mathematical precision" in making his arguments on the facts. The Litigant finds himself before the Court with minimal legal skills. The

1

Litigant can only summon resources from his experience as a union representative and from what information the amazing digital universe can provide in 2020. The Litigant may be, or possibly should be, viewed with contempt by the Court and actual attorneys for having the audacity, the chutzpah, the cockiness, the pretension or the vanity to not only file a claim, but to oppose the opinions of learned men in their own profession.

It is hoped that the Litigant is viewed as a reluctant warrior, doing the best he can, working in the interest of employee rights, under the law and in the interest of his fellow man. The Litigant's "business," so to speak, before the Court, can be summarized by Marley's Ghost, in Dickens' A Christmas Carol:

- "But you were always a good man of business, Jacob," faltered Scrooge, who now began to apply this to himself. "Business!" cried the Ghost, wringing its hands again. "Mankind was my business. The common welfare was my business; charity, mercy, forbearance, and benevolence, were, all, my business. The dealings of my trade were but a drop of water in the comprehensive ocean of my business!"

Daniel Kahneman, a Nobel prize winner in behavioral science, has emerged as one of the most intriguing voices on the complexity and the outright contradictoriness of human thought and behavior. Kahneman notes that a very difficult principle to grasp, even for respected jurists, is this idea that, "The way that the mind works, very frequently, is that we start from a decision, or we start from a belief, and then the stories that explain it come to our mind. And the sequence that we have when we think about thinking, that arguments come first and conclusions come later, that sequence is often reversed. Conclusions come first, and rationalizations come later."

2

Kahneman goes further: "This idea that actually, what I don't know matters enormously, and what I can't see matters enormously." The Availability Heuristic, the retrievability and ease of recall biases indicate that the availability bias can substantially and unconsciously influence a person's judgment. People, in making decisions, too easily assume that their recollections are representative and true and discount events that are outside of their immediate memory.

The Litigant arguing in opposition to His Honor's Report and Recommendation is concerned that His Honor's decision could be flawed simply because of the availability heuristic. His Honor has not occupied the same space within University Hospitals as the Litigant and what He doesn't know and what He doesn't see matters. His Honor has seen many similar cases of discrimination, bringing recall bias into play. His Honor may be the best jurist in history, the equivalent of Muhammad Ali as a champion boxer or the equivalent of Roberto Clemente as a Hall of Fame baseball player, yet His Honor can make the wrong decision in this complaint before Him: even Clemente could get caught by a change-up, "expecting" fastball, and even Ali could get caught by an uppercut, "expecting" hook.

Of course, the inexperienced Pro Se Litigant is subject to the availability heuristic and recall bias, as well. Like most pro se litigants, the Litigant believes that HIS CASE is unique. One thing is certain, the Pro Se Litigant will argue vigorously, that his case is unique and should be examined by the Court with that in mind.

**ARGUMENT**

3

The Pro Se Litigant is before the Court only because the Cleveland Office of the EEOC failed to properly investigate three charges against University Hospitals. If the EEOC had performed a thorough investigation of the two ADA violations presented by the Plaintiff before it, a class action suit could have been filed properly by the EEOC.

The Litigant does not intend to waste the Court's time offering new arguments. The Litigant asks the Court to examine the Response to the Defendant's Brief in Opposition and Motion to Strike Class Allegations on October 29, 2019, (Doc. No. 25) in a new light and under the Mathews v. Eldridge Balancing Test, lest the members of the class be deprived of life, liberty and property, under the Fifth Amendment.

The crux of the argument for the Litigant's Motion to Certify Class resides in its entirety on examination UH Policy and Procedure HR-85-Employee Assistance Program, 4.2, Mandatory Referral. (See the Defendant's Brief in Opposition and Motion to Strike Class Allegations on October 29, 2019, (Doc. No. 25). HR-85 in its effect institutionalizes discrimination in direct violation of the principles put into law under Title I of the ADA, not only by "perceiving or regarding" ALL employees who are mandated into EAP counseling or psychiatric counseling as disabled, regardless of disciplinary reason, but also HR-85 discriminates against ALL employees, regardless of reason, who are mandated into EAP counseling or psychiatric counseling because the mandatory counseling is neither job related nor consistent with business necessity, since any infraction can be dealt with under the UH policy for corrective action, making HR-85 superfluous. The class is defined as EVERY employee who was ever subject to HR-85. A class cannot be more precise or more easily defined. UH has records for each employee, as well. Use of HR-85 by UH is eerily like how the Russian government

4

sends dissidents into mental institutions. Both systems judge the victims as defective, but instead of the government as judge, jury and doctor, UH gives the power to pronounce a diagnosis/treatment to the employee's immediate supervisor.

The Plaintiff's Motion for Class Certification meets *every* requirement, with mathematical precision, under both Local Rule 23.1 and also Federal Rule 23: (1) an adequate class definition, (2) ascertainability, (3) numerosity, (4) commonality, (5) typicality, (6) adequacy and (7) at least one of the requirements in Rule 23(b), namely: (a) separate adjudications will create a risk of decisions that are inconsistent with or dispositive of other class members' claims, (b) declaratory or injunctive relief is appropriate based on the defendant's acts with respect to the class generally, or (c) common questions predominate and a class action is superior to individual actions.

## CLASS COUNSEL

The Courts hold that a named plaintiff in a class action must have some knowledge of the class claims and class action procedures. If nothing else, the Litigant has demonstrated that he has an in-depth knowledge of the class claims. Thus, for the Court there seems to be a basic requirement in all such decisions that the representative party be more than a convenient fiction. The Litigant is not a "convenient fiction."

Courts are particularly concerned with the rights of absent class members, protected primarily by class counsel. "By granting class status, the court places the attorney for the named parties in a position of public trust and responsibility, and in effect creates an attorney-client relationship between the absentee members and the attorney." Counsel's

5

all-important role in class action litigation has spurred several courts to inquire into counsel's interests, competence, and professional integrity.

Likewise, the Litigant is concerned with the rights of absent class members and that is why, in each class action document the Litigant has filed, that he has emphasized that he does not have the right or the ability to act as class counsel. In *each* document the Litigant requests that the Court to appoint class counsel. The Court often replaces inexperienced or conflicted attorneys who file a Motion for Class Action with more competent and trustworthy attorneys. So why does it injure the Court to appoint an attorney in place of the Pro Se Litigant, under Mathews v. Eldridge?

## CONCLUSION

The Pro Se Litigant is not an attorney; he lacks the extensive education, aptitude and experience required to succeed in the legal profession. The Pro Se Litigant is forced to represent himself simply due to economics in order that he may counter the deep pockets of the forces aligned against him. The Litigant respectfully disagrees with His Honor's Report and Recommendation. The Litigant mentioned the availability heuristic merely to express the outright contradictions of human thought and behavior that could be in play. A return to Dickens' and a quote from Scrooge to Marley's Ghost says it best:

- "What evidence would you have of my reality beyond that of your senses?" "I don't know," said Scrooge. "Why do you doubt your senses?" "Because," said Scrooge, "a little thing affects them. A slight disorder of the stomach makes them cheats. You may be an undigested bit of beef, a blot of mustard, a crumb

of cheese, a fragment of an underdone potato. There's more of gravy than of grave about you, whatever you are!"

Finally, the Litigant repeats his plea to the Court from Doc. 25:

*The Plaintiff asks the court to reject the Defense's dispositive motion against The Motion for Class Certification. The Plaintiff's Motion does comply with Local Rule 23.1 because he presented substantial facts in support of the necessary allegations to be a Class Action. The Class Action prerequisites in Fed. R. Civ. P. 23(a) are met conclusively and satisfy the Plaintiff's Motion. The Plaintiff, under procedural due process, based on the concept of fundamental fairness in the Mathews v Eldridge balancing test, asks the Court to permit Dundee to serve as a class representative and to have the Court appoint class counsel in order to allow the Motion for Class Certification, lest the members of the class be deprived of life, liberty or property, under the Fifth Amendment.*

Respectfully submitted

Frank Dominic Dundee, Pro Se Litigant

7707 Amberwood Trail, Boardman, Ohio 44512

Telephone: 330-398-8274 Facsimile: 330-726-2662

Email: fdundee@gmail.com