**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FRANK DOMINIC DUNDEE,** ) | **CASE NO. 1:19-cv-01141** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **UNIVERSITY HOSPITALS CORP, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R"), **Doc #: 32.** The Magistrate Judge recommends that Plaintiff's Motion to Certify Class, **Doc #: 20**, be DENIED and Defendant's Motion to Strike Class Allegations, **Doc #: 24**, be GRANTED. On January 24, 2020, Plaintiff filed timely objections to the R&R. **Doc #: 33**.

**I.**

In his objections, Plaintiff asserts arguments presented to, and fully addressed by, Magistrate Greenberg. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an objection to an R&R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Roberts v. Warden, Toledo Correctional Inst.*, No 1:08-CV-00113, 2010

WL 2794246, at *7 (S.D. Ohio July 14, 2010) (citation omitted). Nevertheless, the Court has reviewed the thorough R&R, Plaintiff's objections and the relevant cases, and reiterates the Magistrate Judge's conclusions.

The Sixth Circuit has long held that a *pro se* plaintiff cannot represent a class even when the plaintiff is an attorney, and the roles of class representative and of class attorney cannot be played by the same person due to an inherent conflict of interest. *Turoff v. May Co.*, 531 F.2d 1357, 1360 (1976); *see also Ziegler v. Michigan*, 90 F. App'x 808, 810 (2004) ("non-attorneys proceeding *pro se* cannot adequately represent a class.").

Plaintiff again argues that the Court should appoint legal counsel to represent the purported class and the failure to do so violates due process. As accurately recounted by Magistrate Greenberg, however, there is no constitutional right to appointed counsel in a civil case, and courts can only appoint counsel in a civil case in "exceptional circumstances." *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Economic circumstances alone do not rise to the level of exceptional circumstances. *Id.*

For the same reasons, motions to strike class allegations are regularly granted where named plaintiffs also seek to represent the class. *See e.g.*, *Glazer v. Reimer Law Co.*, No 1:09CV1262, 2019 WL 651599, at *3 (N.D. Ohio Feb. 15, 2019); *World, L.L.C. v. Atlas Choice Corp.*, No. 1:15CV24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015).

**II.**

Based on the foregoing, the Court OVERRULES the Objections, **Doc #: 33**, and ADOPTS the R&R in its entirety, **Doc #: 32**. Accordingly, Plaintiff's Motion to Certify Class,

**Doc #: 20**, is DENIED; and Defendants' Motion to Strike Class Allegations, **Doc #: 24**, is GRANTED,

    **IT IS SO ORDERED.**

                                 <u>/s/ Dan A. Polster    January 31, 2020</u>
                                 **Dan Aaron Polster**
                                 **United States District Judge**