IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK DOMINIC DUNDEE, | ) CASE NO. 1:19 CV 01141 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| v. | ) MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| UNIVERSITY HOSPITALS CORPORATION, et al., | ) |
| Defendants. | ) **UNOPPOSED MOTION TO DEFER RULING ON SUMMARY JUDGMENT** |

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Defendant University Hospitals Health Systems, Inc. ("University Hospitals") requests that this Court defer consideration of Plaintiff Frank Dundee's Motion for Summary Judgment (Doc #31) until after the close of discovery. The Motion was filed on January 13, 2020, more than two months before the discovery cutoff and three months before the dispositive motion deadline. As set forth below and in the attached Declaration,[1] University Hospitals is not yet able to present facts essential to opposing Plaintiff's Motion for two primary reasons: (1) Plaintiff has not yet responded to University Hospitals's discovery requests and (2) Plaintiff's deposition has not yet been taken.

In correspondence with defense counsel, Mr. Dundee acknowledged that his Motion for Summary Judgment was premature, indicated that he did not expect this Court to rule on his Motion until after the April 17, 2020 dispositive motion deadline, and stated that he "would prefer that [defense counsel] file a Motion to Defer" ruling on it. Thus, this Motion to Defer is unopposed and should be granted for the reasons set forth herein.

---

[1] See Declaration of Rachael L. Israel, attorney for University Hospitals, attached hereto as Exhibit A ("Israel Decl.").

**PROCEDURAL FACTS**

On November 14, 2019, University Hospitals served Plaintiff Frank Dundee with a complete set of written discovery requests, including Interrogatories, Requests for Admissions and Requests for Production of Documents. Israel Decl. ¶ 7. These discovery requests seek, among other things, the names of potential witnesses, the factual basis for Mr. Dundee's claims and the production of documents relevant to the parties' claims and defenses. As of the filing of this Motion to Defer, Mr. Dundee has not yet responded to University Hospitals's discovery requests.[2] Id. at ¶ 8. In addition, Mr. Dundee's deposition has not yet been taken.[3] Id. at ¶ 10.

According to the schedule established by this Court, the parties have until March 31, 2020, to complete fact discovery, and dispositive motions are due on April 17, 2020. (Doc. #23.) In accordance with that schedule, University Hospitals's Brief in Opposition to Mr. Dundee's Motion would be due May 18, 2020.

**LAW AND ARGUMENT**

Federal Rule of Civil Procedure 56(d) gives this Court discretion to defer ruling on Plaintiff's Motion for Summary Judgment where, as in this case, discovery has not been completed:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1) defer considering the motion or deny it;
>
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>   (3) issue any other appropriate order.

---

[2] After two extensions of time, Mr. Dundee's responses are now due on February 14, 2020. Israel Decl. ¶ 9.

[3] Defense counsel recently proposed three possible dates in early March for the deposition of Mr. Dundee. Israel Decl. ¶ 10.

As explained by the Supreme Court, Rule 56(d) "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 326 (1986). Where, as here, "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely." ***Burlington N. Santa Fe R.R. Co. v. Assiniboine Tribe***, 323 F.3d 767, 773 (9th Cir. 2003); *see also* ***Berkeley v. Home Ins. Co.***, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (Rule 56(f) motions are granted "almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence").

As the Sixth Circuit noted in ***Tarleton v. Meharry Med. Coll.***, "summary judgment should not ordinarily be granted before discovery has been completed."[4] 717 F.2d 1523, 1535 (6th Cir. 1983). As a result, if the party seeking deferral has not received a full opportunity to conduct discovery, "denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." ***Cressend v. Waugh***, No. 2:09-CV-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (*quoting* ***Ball v. Union Carbide Corp.***, 385 F.3d 713, 719 (6th Cir. 2004)).

---

[4] The Sixth Circuit has identified factors relevant to a request to defer ruling on a Motion for Summary Judgment until the requested discovery can be completed:

> (1) when the party requesting deferral learned of the issue that is the subject of the desired discovery;
>
> (2) whether the desired discovery would change the ruling on summary judgment;
>
> (3) how long the discovery period has lasted;
>
> (4) whether the party requesting deferral was dilatory in its discovery efforts; and
>
> (5) whether the party seeking summary judgment was responsive to discovery requests.

*See* ***Plott v. Gen. Motors Corp., Packard Elec. Div.***, 71 F.3d 1190, 1196–97 (6th Cir. 1995) (discussing factors relevant to appellate review of claim that the district court acted prematurely by granting summary judgment before discovery was complete). None of these factors weigh against deferral in this case.

In this case, University Hospitals requests that this Court defer ruling on Mr. Dundee's Motion for Summary Judgment until it has had an opportunity to obtain his discovery responses and deposition testimony. This request will not impact the schedule set by this Court, and it is not being made for the purposes of delay.

**CONCLUSION**

For all these reasons, the Court should defer ruling on Mr. Dundee's Motion for Summary Judgment under Rule 56(d) to allow University Hospitals to complete discovery and submit a Brief in Opposition no later than May 18, 2020. If the Court denies this request, University Hospitals respectfully requests 30 days from the date of the Court's denial to oppose the summary judgment motion.

Respectfully submitted,

*/s/ Rachael L. Israel*
Kerin Lyn Kaminski (0013522)
Rachael L. Israel (0072772)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@thinkgk.com
risrael@thinkgk.com

***Counsel for Defendant University Hospitals Health Systems, Inc.***

5

## CERTIFICATE OF SERVICE

I certify that on February 10, 2020, a true and correct copy of this *Unopposed Motion to Defer Ruling on Summary Judgment* was served via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
**Pro Se Plaintiff**

                */s/ Rachael L. Israel*
                **Counsel for Defendant University Hospitals Health Systems, Inc.**