IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK DOMINIC DUNDEE, | ) CASE NO. 1:19CV01141 |
| Plaintiff, | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| | ) |
| UNIVERSITY HOSPITALS CORPORATION, | ) MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| Defendant. | ) **DECLARATION OF JASON GLOWCZEWSKI, Pharm.D., MBA, PURSUANT TO 28 U.S.C. §1746** |

I, Jason Glowczewski, Pharm.D., MBA, being of sound mind and over the age of eighteen, hereby declare as follows:

1. I am the Chief Operating Officer for University Hospitals's Conneaut and Geneva Medical Centers. I am a Doctor of Pharmacy ("Pharm.D.") and hold a Master's in Business Administration ("MBA").

2. Between 2006 and July 2013, I was the Pharmacy Manager at Geauga Medical Center and supervised Plaintiff Frank Dundee. During that time, Frank worked as a third-shift pharmacist at Geauga Medical Center.

3. In July 2013, I became the Director of Pharmacy for University Hospitals's Community Hospitals. At that time, Rachael Lerman became the Pharmacy Manager at Geauga Medical Center and took over direct supervision of Mr. Dundee. Over the years, however, I continued to receive reports regarding Mr. Dundee's behavior and performance, because I was his second-level supervisor.

4. On August 5, 2016, I met with Mr. Dundee and HR Director Danialle Lynce to discuss Mr. Dundee's continuing inappropriate conduct at work and the results of University



EXHIBIT 3

Hospitals's investigation of his sexual harassment complaint against Ms. Lerman.

5. During this meeting, I reviewed with Mr. Dundee several inappropriate notes he had written to or about his colleagues. I informed Mr. Dundee that, if he continued to write notes like these, he would be subject to subject to further progressive corrective action, up to and including termination.

6. The purpose of the meeting was not to threaten Mr. Dundee, but to counsel him that, if he continued to engage in inappropriate and unprofessional behavior at work, his employment could be terminated.

7. I did not play a role in Ms. Lerman's decision to place Mr. Dundee on a Corrective Action in June 2017 or refer him to mandatory EAP counseling. At this time, I was the COO of Geneva and Conneaut, and Ms. Lerman did not report to me.

8. There was no connection between my August 2016 meeting with Mr. Dundee and the Corrective Action he received from Ms. Lerman in 2017.

9. I did not perceive Mr. Dundee as having a mental disability, and no one ever informed me that he was mentally disabled.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 14, 2020.

Jason Glowczewski, Pharm.D., MBA