UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FRANK DOMINIC DUNDEE,** ) | Case No. 1:19-cv-1141 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **UNIVERSITY HOSPITALS CORP,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R"). **Doc #: 45**. Magistrate Judge Greenberg recommends that the Court deny *Pro Se* Plaintiff Frank Dominic Dundee's Motion for Summary Judgment, **Doc #: 31**, and grant Defendant University Hospital Health System, Inc.'s Motion for Summary Judgment, **Doc #: 43**. Dundee has timely filed an Objection to the R&R. **Doc #: 48**.

**I.  Background**

On May 20, 2019, Dundee filed a Complaint against Defendants Danialle Lynce, Jason Glowczewski, Shawn Osbourne, and Rachael Lerman (the "Individual Defendants"), and Defendant University Hospitals Health Systems, Inc. ("UH"). Dundee alleges retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a); unlawful medical examination in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(d); and disability discrimination and harassment in violation of Title I of the ADA, 42 U.S.C. § 12112(a). Doc #: 1.[1]  On July 19, 2019, Defendant UH filed a Motion for Judgment

---

[1] The R&R inadvertently identified all three claims as arising from 42 U.S.C. § 2000e-2(a) in its Procedural Background. Doc #: 45 at 2. It later identified the correct statute. Id. at 20.

on the Pleadings, Doc #: 4, and the Individual Defendants filed a Motion to Dismiss, Doc #: 5. On December 3, 2019, Magistrate Judge Greenberg issued an R&R recommending that the Court grant the Individual Defendants' Motion to Dismiss and grant in part and deny in part UH's Motion for Judgment on the Pleadings. Doc #: 28. The R&R concluded that Dundee was not time-barred from bringing claims under the 90-day rule, but was time-barred from bringing claims based on acts that occurred more than 300 days prior to his filing a charge of discrimination with the EEOC, which it determined was October 3, 2016. Id. at 10–15. Dundee filed no objection to these rulings. The Court adopted the R&R with one exception. The Court corrected the Magistrate Judge's calculation, and concluded that Dundee's claims were time-barred to the extent they were based on events occurring prior to September 13, 2016. Doc #: 29 at 2.

On January 13, 2020, Dundee filed a Motion for Summary Judgment. Doc #: 31. On May 18, 2020, UH filed a Motion for Summary Judgment, Doc #: 43, and a brief in opposition to Dundee's Motion, Doc #: 44. Dundee did not file an opposition to UH's Motion for Summary Judgment. On June 26, 2020, Magistrate Judge Greenberg issued the pending R&R recommending that the Court grant UH's Motion for Summary Judgement and deny Dundee's Motion for Summary Judgment. Doc #: 45. Dundee filed a timely Objection. Doc #: 48.

**II.     Standard of Review**

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an objection to an R&R is not meant to be simply a vehicle to rehash arguments set forth in the briefs, and the Court is under no obligation to review *de novo*

2

objections that are merely an attempt to have the district court reexamine the same arguments. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Roberts v. Warden, Toledo Correctional Inst.*, No 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted).

Furthermore, the Court may exercise its discretion whether to consider evidence presented for the first time in an objection to an R&R. *Moore v. USDA*, No. 17-5363, 2018 U.S. App. LEXIS 2484, at *7 (6th Cir. Jan. 31, 2018) (citing *Doe v. Chao*, 306 F.3d 170, 183 n. 9 (4th Cir. 2002); *Neal v. Ellis*, No. 13-1503, 2014 U.S. App. LEXIS 25116, at *6–7 (6th Cir. Jul. 17, 2014). In making that decision, the Court should consider the reason new evidence was not submitted previously, and its importance to that party's case. *Moore*, 2018 U.S. App. LEXIS 2484, at *7 (citing *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)).

Having reviewed the R&R, the Objection, the record, and the relevant case law, the Court is prepared to issue a decision.

**III.     Analysis**

Magistrate Judge Greenberg first addressed Dundee's Title VII sex harassment retaliation claim. He found that Dundee had not established a *prima facie* retaliation claim because he could not show that UH took any adverse employment action against him. Doc #: 45 at 14–16. The Magistrate Judge also found that even if Dundee could show UH took an adverse employment action against him, he failed to demonstrate the requisite causal link, i.e., temporal proximity, between the June 2016 sex harassment complaint and the June 2017 corrective action plan one year later. *Id.* at 17–20. In the Objection, Dundee raises the same arguments and cites the same cases he raised before Magistrate Judge Greenberg. See Doc #: 31 at 10–18;

3

Doc #: 48 at 6–19; Doc #: 48-1 at 6-22. The Court finds that Magistrate Judge Greenberg articulated the relevant case law accurately, and the Court agrees with his conclusions.

The R&R then turned to Dundee's claim that his referral to the Employee Assistance Program ("EAP") constituted a medical examination that violated the ADA because it was neither job-related nor consistent with a business necessity. Magistrate Judge Greenberg disagreed. He found that Dundee was referred to the EAP to address what the record undoubtedly shows was a history of conflictive work relationships with his coworkers–and neither of the EAP counsellors (David Riccardi and Jill Fulton) performed a medical examination of Dundee. Doc #: 45 at 20–23. However, at the end of one EAP session, Riccardi presented Dundee with a "Compliance Contract" that could arguably be viewed as requiring Dundee to undergo a psychological evaluation or suffer possible discharge. Id. at 23. But the record also shows that when Dundee informed UH that he believed this would constitute an impermissible medical examination under the ADA, UH dropped this purported requirement and took no adverse action against him. Id. Dundee's objection presents arguments and cases previously raised. See Doc #: 31 at 18–22; Doc #: 48-1 at 22–27. The Court is satisfied that Magistrate Judge Greenberg thoroughly reviewed the record and accepts his analysis of the legal issues and conclusion.

Dundee attempts to introduce new evidence refuting Magistrate Judge Greenberg's conclusion that the EAP referral did not violate the ADA. Doc #: 48-1 at 30–45. As noted *supra* at 3, when deciding whether to exercise discretion to consider evidence raised for the first time in an Objection to an R&R, the Court may consider the reason it was not submitted sooner, and its importance to that party's case. *Moore*, 2018 U.S. App. LEXIS 2484, at *7; *Neal*, 2014 U.S. App. LEXIS 25116, at *6–7. The Court finds that the evidence Dundee now presents was

previously available for submission to Magistrate Judge Greenberg, and Dundee has failed to offer an explanation for why he did not introduce it sooner. The Court also finds the evidence is not important to Dundee's case because it does not establish a genuine dispute of material fact concerning whether UH's EAP referral violated the ADA. See Doc #: 48-1 at 30–45.

Finally, Magistrate Judge Greenberg analyzed Dundee's claim of discrimination on the basis of a perceived disability in violation of the ADA. Magistrate Judge Greenberg found that Dundee failed to demonstrate, as he must, that he suffered an adverse employment action or that any UH employees regarded him as disabled. Doc #: 45 at 24–26. Dundee raises the same arguments and cases he raised to the Magistrate Judge. See Doc #: 31 at 23–25; Doc #: 48–1 at 27–29. The Court has reviewed Magistrate Judge Greenberg's thorough analysis of this claim and agrees with his conclusion.[2]

**IV.     Conclusion**

Based on the foregoing, the Court **OVERRULES** the Objection, **Doc #: 48**, **ADOPTS** the R&R in its entirety, **Doc #: 45**, **DENIES** Dundee's Motion for Summary Judgment, **Doc #: 31**, and **GRANTS** UH's Motion for Summary Judgment, **Doc #: 43.**

**IT IS SO ORDERED.**

    /s/Dan A. Polster     July 22, 2020
**Dan Aaron Polster**
**United States District Judge**

---

[2]Dundee also objects to the dismissal of his claims to the extent that they are based on events that occurred prior to September 13, 2016. Doc #: 48-1 at 2–3. As Dundee failed to object to Magistrate Judge Greenberg's recommended ruling seven months ago, Doc #: 29 at 2, he may not challenge that ruling for the first time in his present Objection. *Moore*, 2018 U.S. App. LEXIS 2484, at *6 ("The Federal Magistrates Act . . . does not generally allow parties to raise new arguments or issues that were not presented to the magistrate.").